MISSISSIPPI FIRE ASSOCIATION *v.* SAMUEL J. STEIN.

[41 South. Rep., 66.]

1. INSURANCE. *Action on policy. Stockholder.*

It is no defense to a suit upon a fire insurance policy that the plaintiff is a stockholder in the incorporated defendant company.

2. SAME. *Vacancy permits.*

Where a fire insurance agent had authority and was in the habit of issuing vacancy permits, free of costs, upon the verbal application of policy holders, and the plaintiff, being about to set out upon a journey, made request for a thirty-days permit, directing the agent, who had access to his policy, to attach the same thereto, and the agent agreed to do so, but by inadvertance neglected it and the house was destroyed during the thirty days, the company cannot escape liability because the house was vacant at the time of the fire.

3. SAME. *Equity jurisdiction. Reformation of policy. Constitution 1890, sec. 147.*

In such case, the chancery court having reformed the policy by writing the vacancy permit into it, the supreme court will affirm the decrees without reference to whether the cause was of equity or common law jurisdiction, since constitution 1890, sec. 147 forbids reversals for errors as between such jurisdictions.

FROM the chancery court of Leflore county.

HON. PERCY BELL, Chancellor.

Stein, the appellee, was complainant in the court below; the insurance association, the appellant, was defendant there. From a decree in complainant's favor, reforming the policy by writing a vacancy permit into it and enforcing it as reformed, the defendant appealed to the supreme court.

Appellee was a stockholder in the appellant association, the same being an incorporated company. He insured a dwelling house, occupied usually by his tenants, in said association. At various times he obtained vacancy permits from the local agent

of appellant.    He had obtained a vacancy permit from April 20 to May 20, 1904, and, being about to start upon a journey, he gave verbal instructions to the agent of the appellant for an extension of thirty days on his vacancy permit, which would have extended the time to June 20th.    Defendant's agent promised plaintiff that he would extend the vacancy permit thirty days and would attach such permit to the policy, the agent having access thereto.    After arriving at his destination, plaintiff wrote his agent, and also the agent of the insurance company, to see that his verbal instructions had been carried out and the vacancy permit granted.    It was the custom of the agent of the appellant to obey verbal instructions touching vacancy permits, and to make no charge for same, as he had instructions from the appellant to grant such permits upon application, but in this instance, by inadvertance, he failed to do so.    On the night of May 20th, about midnight, but probably after, the dwelling house was burned.    The appellant refused to pay the loss.

*McClurg, Gardner & Whittington,* for appellant.

If it should be confessed that Steele made the promise in the language claimed by Mr. Stein, "it was no part of his business, as agent of the company, to keep policies from being avoided by violation of their conditions, whatever obligations he may have assumed by his engagement to the assured, as to which engagement he could not bind the insurer."    *Insurance Co.* v. *Scales,* 71 Miss., 975 (s.c., 15 South. Rep., 134).

The prayer of the bill is to so reform the policy issued May 18, 1903, as to have the court to write therein the alleged promise of Steele in April, 1904, to issue a conditional vacancy permit upon the 20th day of May, 1904.    Let us say now, there is no complaint of the meeting of minds or the intention of the parties to the policy itself, nor of any of the four written permits endorsed thereon and attached thereto.    The real cause of action is to recover damages against the association because a member of a corporation agency did not comply with a passing street

promise to issue another permit, without consideration promised, demanded, paid or charged, after the expiration of the one then in force.    Recurring to the prayer of the bill, we submit that, since there is no complaint of the contract of 1903, the court was powerless to insert therein a new contract alleged to have been made incidentally and with the greatest uncertainty in 1904. The courts enforce contracts as they find them, and reform them according to proved intention of the parties at the time of their writing, but will not make new contracts for them, and then enforce them.    The final decree not only falls down and demonstrates the fallacy of the proposition, but vainly undertakes to compel the appellant to respond in damages.    No effort is made in the final decree to reform the policy so as to make it conform to the allegations and prayer of the bill.    And for this, if for no other reason, the decree should be reversed.

*Gwin & Mounger,* for appellee.

Upon the contention of appellant that the trial court was with-out jurisdiction to render the decree appealed from, we deem it unnecessary to do more than cite the court to the following authorities:  Constitution, sec. 147; *Barrett* v. *Carter,* 69 Miss., 593 (s.c., 13 South. Rep., 625); *Cazneuve* v. *Curell,* 70 Miss., 521 (s.c., 13 South. Rep., 32); *Day* v. *Hartman,* 74 Miss., 489 (s.c., 21 South. Rep., 302); *Irion* v. *Cole,* 78 Miss., 132 (s.c., 28 South. Rep., 803); *Hancock* v. *Dodge,* 85 Miss., 228 (s.c., 37 South. Rep., 711).

The verbal agreement between appellant and appellee for a renewal of the vacancy permit at its expiration on May 20, 1904, which was both an agreement to actually issue the permit in writing and attach the same to the policy sued on and a waiver by the appellant of the clause of the policy prohibiting vacancy for a longer period than ten days without the consent of the association, demands affirmance.

An insurance agent clothed with authority to make contracts of insurance or to issue policies stands in the stead of the com-

pauy to the assured.   His, acts and declarations in reference to such business are the acts and declarations of the company.   The company is bound, not only by notice to such agent, but by anything said or done by him in relation to the contract or risk, either before or after the contract is made.   *Rivara* v. *Queen's Ins. Co.,* 62 Miss., 728.

Standing in the place of the company, as its general agent, Steele had unquestioned authority to either agree to issue and attach to the policy the renewal of the permit or to waive the vacancy of the building by parol.   *Insurance Co.* v. *Sheffey,* 71 Miss., 925 (s.c., 16 South. Rep., 307).

CALHOON, J., delivered the opinion of the court.

It can make no difference in his right to recover for a fire loss that Mr. Stein was a stockholder in the company which insured his house.   Even if it were correct that the questions here were not in the jurisdiction of chancery, as previously understood, it is clear that this cannot be availed of since the adoption of sec. 147 of the constitution of 1890; the chancellor having taken jurisdiction and decided the case.

The bill in this case is to reform an insurance policy by inserting a vacancy permit from May 20 to June 20, 1904—thirty days; the loss having occurred on the night of May 20, 1904. There was a proper permit from April 20 to May 20, 1904, and there is a controversy as to whether the fire did not in fact occur during the life of that permit, which we do not decide.   The policy had a clause providing that "it shall be void if it [the building] be or become vacant or unoccupied and so remain for ten days."   It was issued on May 18, 1903, for three years. There had been four valid vacancy permits on it for thirty days each.   The first was from the date of the policy, it having been insured while vacant; the second, from June 18, 1903; the third, from November 5, 1903; and the fourth from April 20, 1904.   The insurance was taken with S. S. Steele & Co., agents of appellant.   It was the custom with this firm of insurance

agents, in reference to this and divers other policies of insurance appellee had on divers other structures, to obey his verbal request and issue vacancy permits, and take them, without submitting them to appellee, to the place where appellee kept his policies, and to which these insurance agents had access, and to attach them to the policies without submitting them to appellee. This firm of insurance agents had authority from the company to give vacancy permits and to waive any charges for such permits. No charge was ever made against the appellee for such permits. On the contrary, it was customary for this firm of insurance agents, and other agents of the appellant, to make no charge for vacancy permits, unless the insurance company specially directed them to do so on receipt of daily reports showing the issuance of them. The particular building in question was sometimes vacant and sometimes occupied, and the custom being as we have stated, and while the written permit for thirty days from April 20 to May 20, 1904, was in force, this agency was requested by appellee, who was about to leave the state for a while for his health, to issue another vacancy permit at the expiration of that one, which was agreed to by one of the members of that agency. This, through inattention or oversight, was not done. Under this state of facts we hold that the court below properly granted the prayer of the bill.

Divers other contentions are argued with great force on both sides; but, inasmuch as our ruling on this question is decisive of the whole case, we do not enter on their discussion.

*Affirmed.*