LAMAR LIFE INS. CO. *v.* KEMP.

(Division B.    Oct. 14, 1929.)

[124 So. 62.    No. 28014.]

*Wells, Jones, Wells & Lipscomb,* of Jackson, for appellant.

*S. L. McLaurin,* of Brandon, for appellee.

ANDERSON, J., delivered the opinion of the court.

Appellee brought this action against appellant in the circuit court of Rankin county to recover one thousand dollars, the face value of a life insurance policy issued

and delivered by appellant to John Ellie Kemp, the seventeen year old son of appellee, in which policy appellee was named as beneficiary. The policy was issued on November 25, 1927, and a few days thereafter delivered to the insured, who died on April 14, 1928. There was a trial, resulting in a verdict and judgment for appellee, from which judgment the appellant prosecuted this appeal.

Appellant's defense was that the policy of insurance never took effect, and was therefore not in force when the insured died, because the first premium thereon had not been paid. That defense was properly presented by appropriate pleas. The verdict of the jury was a finding on that issue of fact in appellee's favor. At the conclusion of the evidence, appellant requested a directed verdict in its favor, which was by the court refused. That action of the court is assigned and argued as error. Appellant's position is that the evidence on behalf of appellant that the first premium had not been paid was without substantial conflict, because the evidence for appellee to the contrary was so discredited as to be unbelievable, and therefore the court should have directed a verdict in appellant's favor.

The policy of insurance contains this provision: ''This insurance is granted in consideration of the signed application for this policy, which is the basis of and is hereby made a part of this contract, a copy of which contract is hereto attached, *and the payment in advance of twelve and twenty-four hundredths dollars,* semiannual *premium upon the delivery of this policy,* and the payment of a like sum on or before the 25th of May and November in every year thereafter until premium for twenty full years from the date hereof have been paid, or until the prior death of the insured.''

W. P. Jones was one of appellant's soliciting agents. He solicited the application of the insured, J. Ellie Kemp, upon which application the policy sued on was

issued and delivered to the insured. Jones testified that the first premium was neither paid him at the time he took the application, nor at any time thereafter. Miss Montgomery, the assistant secretary of appellant, testified that the premium had never been paid—that, if it had been paid, it would have passed through her hands. One of appellant's agents, Mr. Magee, testified that he saw appellee after the death of the insured, and had a conversation with him in reference to the rights and obligations of the respective parties to the contract of insurance; that he informed appellee then that the policy had never been in force, because the first premium had not been paid, and appellee made no claim that it had been paid. The evidence on behalf of appellant showed, however, that the policy was delivered to the insured soon after the date of its issuance (November 25, 1927), and retained by him until his death on April 14, 1928, during which time appellant made no effort either to collect the first premium, or to have the insured return the policy to appellant for cancellation.

Appellee was the only witness in his own behalf. He testified that he was present when appellant's agent, Jones, took insured's application, and saw the insured pay to Jones the sum of twelve dollars and twenty-four cents in cash, the first semiannual premium, for which Jones gave him a receipt, which receipt the insured placed in his pocket; that since the death of the insured he had looked diligently for the receipt, and had been unable to find it. On cross-examination appellee testified that the receipt which was delivered to the insured was the printed form attached to the application; that Jones filled this out, and signed and delivered it to the insured in the presence of appellee. Appellee was very *positive* that the receipt delivered to the insured was the printed form attached to the application. The original application was then presented to him, to which there was still attached the printed form of receipt. Appellee there-

upon testified that the receipt which was delivered to insured might have been attached to a duplicate application. It is sufficient to say that on cross-examination appellee's testimony was strongly discredited.

The question is whether, taking his testimony in connection with all the other evidence in the case, it can be said that his testimony was so discredited as to be unbelievable. We think this question must be answered in the negative for these reasons: The policy itself expressly provides that the semiannual premium shall be paid in advance of the delivery of the policy; the policy was delivered to the insured, and remained in his custody until his death, nearly five months after its delivery. During that time appellant made no effort either to collect the first premium or to have the policy returned for cancellation. These facts alone carried with them a presumption that the first premium had been paid; added to that presumption is the positive testimony of appellee that the premium was paid by the insured at the time the application was made. Although appellee's testimony to that effect is largely discredited, it cannot be said that it is unbelievable. We are of opinion, therefore, that it was a question of fact for the jury whether the first premium had been paid.

Appellant assigns and argues as error the refusal of the court to grant it the following instruction: "The court instructs the jury for defendant that if they believe from the evidence that the local soliciting agent of defendant, to-wit, W. P. Jones, delivered the policy sued on in this case in violation of the instructions of the defendant, the Lamar Life Insurance Company, then they must find for the defendant."

Appellant contends that, if its soliciting agent delivered the policy to the insured without collecting the first premium, such delivery was made without appellant's authority, and in violation of the terms of both the application for insurance and of the policy. The

application recited that appellant's soliciting agent had no authority to deliver the policy without payment of the first premium, and the policy provided that, if the first premium was not paid, the policy should be of no effect.

Under section 2615, Code 1906 (Hemingway's Code 1927, section 5873), the act of appellant's soliciting agent in delivering the policy without collecting the first premium, was the act of appellant, notwithstanding any provision in the application for the insurance and the policy to the contrary. *Mutual Life Insurance Co. of N. Y.* v. *Vaughan,* 125 Miss. 369, 88 So. 11; *Hartford Fire Insurance Co.* v. *Clark* (Miss.), 122 So. 551. That statute, as construed in the cases cited, simply put Jones, the soliciting agent, in the shoes of appellant itself. In other words, when Jones delivered the policy without the payment of the premium, it was a delivery by appellant, with the imputed knowledge that the first premium had not been paid. It follows that there was no error in refusing the instruction.

Appellant assigns as error the alleged misconduct of appellee's attorney in his closing argument to the jury. The argument to which appellant objected is in this language: "The agent, at the time the application was executed, made a duplicate application, and it may be that the receipt attached to the duplicate application was detached as testified to by Kemp."

The evident purpose of appellee's attorney in the argument objected to was to bolster up appellee's testimony as to the manner in which appellant's soliciting agent receipted the insured for the first premium. It will be observed that appellee's attorney stated that there was a duplicate application, and that Jones might have filled out and detached from the duplicate application the receipt attached thereto, and delivered it to the insured. Appellant's contention is that there was no evidence whatever of a duplicate application.

In the first place, appellant appears to be mistaken in that respect, for the record shows that, on redirect examination of appellee, he testified that the receipt given the insured might have been filled out and detached from the duplicate application. In the second place, if it were true that there was no evidence of a duplicate application, we cannot say, on the record in this case, that the argument of appellee's attorney constituted such flagrant misconduct as was materially harmful to appellant's rights; that it was calculated to deceive and mislead the jury.

*Affirmed.*