ÆTNA INS. CO. *v.* LESTER *et al.*

(Division B.   May 14, 1934.   Suggestion of Error Overruled June 11, 1934.)

[154 So. 706.   No. 31229.]

Watkins & Eager, of Jackson, for appellant.

**Hindman Doxey,** of Holly Springs, for appellees.

**Ethridge, P. J.,** delivered the opinion of the court.

An August 10, 1932, the Ætna Insurance Company issued a fire insurance policy upon a certain house, de-

scribed in the policy, as being occupied by a tenant, in the town of Batesville, in the amount of two thousand dollars, with a mortgage clause payable to the Bank of Batesville as its interest might appear. This policy was countersigned by Panola Insurance Agency, by Hill Jarratt, manager and agent, and contained what is known as a vacancy clause. The house was burned in January, 1933, and was a total loss.

At the time this policy was issued, the house was vacant and had been so for several months. The insurance policy was delivered, according to the testimony of the plaintiff which was accepted by the jury, by M. E. Jarratt, the father of Hill Jarratt, who had been engaged for many years in the insurance business, and had written the insurance upon the property involved in this case in former years. M. E. Jarratt became financially embarrassed and was placed in bankruptcy, and his son, Hill Jarratt, took over the business of writing new policies and renewing those theretofore written by M. E. Jarratt.

It was shown in the proof that M. E. Jarratt was still engaged in writing and delivering policies, and was also engaged in writing life insurance policies, using an office in the Panola Insurance Agency which was claimed to be owned by Hill Jarratt as sole owner.

M. E. Jarratt had agreed to keep the property involved in this case insured during the period of vacancy and knew of the vacancy at the time of the delivery of the policy.

Hill Jarratt testified that he was the sole agent of the Ætna Insurance Company at Batesville, and that he wrote and signed all policies, and that he was under the impression that he mailed the policy in the case at bar to the bank, and sent a statement of same to J. P. Lester who lived at Holly Springs. Dr. Lester, the brother of

J. P. Lester, was in charge of the property at Batesville, looking after the collection of rents and the renting of said property, and, when the property in question became vacant, he notified M. E. Jarratt of such vacancy, and was promised by him that the insurance would be kept up on the property, and that he had never failed to keep property insured where policies were written by him.

At the time M. E. Jarratt delivered this policy to the bank, he was asked if the policy was all right, and he assured the officers of the bank that it was, and that if the house burned they would receive the insurance money; that he had never had a policy contested and never failed to keep property insured; and that every policy he had signed was all right. Hill Jarratt testified that he did not know the property was unoccupied at the time the policy was written, and that he got the information as to tenancy from the old policy and from the rate book when he wrote the policy involved, and there were no representations made to him by the insured or the officers of the bank that the property was unoccupied.

At the close of the plaintiff's testimony, the defendant moved to strike it, and for a judgment for the defendant because the proof was insufficient to impose liability upon the Ætna Insurance Company, which motion was overruled, and the defendant then put on its testimony, and at the conclusion of the evidence for both sides, a peremptory instruction was requested for the Ætna Insurance Company, which was refused, and a peremptory instruction was given on behalf of M. E. Jarratt and Hill Jarratt.

It is deemed unnecessary to set out the evidence in detail. We think the evidence was sufficient to warrant the jury in finding for the plaintiffs, and in believing that M. E. Jarratt delivered the policy which was admitted to have been written by the lawful agent of the

insurance company, and that the insurance company intrusted M. E. Jarratt with the delivery of the policy in question; that he did deliver it; and that at the time of such delivery he knew the property was vacant and had agreed that the insurance would be kept up and that the insured was relying upon this agreement.

It is argued by the appellant that there is not sufficient proof that M. E. Jarratt was the agent of the Ætna Insurance Company. We think section 5196, Code 1930, makes M. E. Jarratt the agent of said company. This section reads as follows:

"Every person who solicits insurance on behalf of any insurance company, or who takes or transmits, other than for himself, an application for insurance, or a policy of insurance, or who advertises or otherwise gives notice that he will receive or transmit the same, or who shall receive or deliver a policy of insurance of any such company, or who shall examine or inspect any risk, or receive, collect or transmit any premium of insurance, or make or forward a diagram of any building, or do or perform any other act or thing in the making or consummation of any contract of insurance, for or with any such insurance company, other than for himself, or who shall examine into or adjust or aid in adjusting any loss for or on behalf of any such insurance company, whether any of such acts shall be done at the instance, or request, or by the employment of the insurance company, or of, or by any broker or other person, shall be held to be the agent of the company for which the act is done or the risk is taken as to all the duties and liabilities imposed by law, whatever conditions or stipulations may be contained in the policy or contract; such person knowingly procuring by fraudulent representations, payment, or the obligation for the payment, of a premium of insurance, shall be punished by a fine of not less than one hundred dollars nor more than five hundred dollars, or be imprisoned, for not more than one year."

It is clear that the purpose of this statute was to bind the company where it intrusted the delivery of a policy to any person acting for it. The insurance company, under this statute, cannot appoint a particular person or corporation as its sole agent, and then let such agent employ assistants to conduct the business, including the delivery of policies, and escape the effect of the statute. The knowledge of M. E. Jarratt and his statements at the time he delivered the policy and anterior thereto, under the circumstances involved here, bind the insurance company. The Panola Insurance Agency was claimed to be owned by Hill Jarratt who took over the business and the renewal of policies which had been written by M. E. Jarratt, and Hill Jarratt was using M. E. Jarratt as an instrumentality in the delivery of policies, as was done in the case at bar. The effect is that the delivery by M. E. Jarratt, and his statements at the time of the delivery, in legal effect, are the statements of the company itself.

We think the jury was well warranted in believing that the name "Hill Jarratt" was used merely as a means of continuing the agency business previously existing, and that, while the agency was given a new name, M. E. Jarratt was still actively connected therewith.

It is not shown that there was any notice given to the insured, or the bank, in the case at bar, or to any other person, or policyholders of policies written by M. E. Jarratt, that there was an actual change in the agency.

The testimony of the insured, the bank, is corroborated by other witnesses, and, in addition to this, the attorney for the Ætna Insurance Company, while the testimony was being taken and the evidence developed as to M. E. Jarratt's connection with the writing of policies, stated into the record, "We admit he wrote this policy. This policy was issued by the Ætna Insurance Company." The attorney filed an affidavit that the statement is not

correctly copied by the stenographer, and while the attorney is a person of the highest character, we cannot accept corrections of the record by ex parte affidavits. The statute points out the procedure for the correction of evidence, and we can only accept corrections when made in accordance with legal requirements. The statement is sufficient, of itself, to show that M. E. Jarratt wrote the policy and that the policy was issued by the Ætna Insurance Company. However, the evidence, independent of this admission, is sufficient to establish the fact.

In Sutherland v. Federal Insurance Co., 97 Miss. 345, 52 So. 689, it was held that the agreement of an agent to renew a vacancy permit bound the company, so that, it not having been renewed, and loss having occurred during the time for which it was to be renewed, and while the house was still vacant, recovery may be had on the policy.

In Mississippi Fire Ass'n v. Stein, 88 Miss. 499, 41 So. 66, it was held that a person, when about to leave the state for a while, requested the agent of an insurance company for a thirty-day extension of a vacancy permit, directed the agent, who had access to his policy, to attach same thereto, which the agent promised to do, but failed; and that after a loss occurred, the company could not escape liability for the loss.

In Franklin Fire Ins. Co. v. Franks, 145 Miss. 494, 111 So. 135, it was held that though by the provisions of a fire insurance policy, there was an agreement that it should cover insured goods at any new location to which they might be moved was required to be indorsed on the policy, the insurer was estopped to claim that the policy did not cover them at the new location, where its agent agreed to make the indorsements, and insured relied on such agreement, which was not kept.

In Big Creek Drug Co. v. Stuyvesant Ins. Co., 115 Miss. 333, 75 So. 768, it was held that where an agent who

solicited the renewal of a fire insurance policy, inspected the risk, receipted for the premium, and delivered the policy, had knowledge that the insured did not keep an iron safe as stipulated for in the policy, similar conditions having existed in the case of the previous policy, the insurance company was bound by such knowledge and was estopped to plead a forfeiture.

In Stewart v. Coleman & Co., 120 Miss. 28, 81 So. 653, it was held that under section 2615, Code 1906, which is section 5196, Code 1930, above set out, the agent delivering a policy is made the agent of the company for that purpose, and the company cannot avoid a policy because of other insurance, if the agent writing the insurance for the company had knowledge of the facts.

In Agricultural Ins. Co. v. Anderson, 120 Miss. 278, 82 So. 146, it was held that where the agent of the insurance company, under instructions from insured to locate his cotton and insure it where located, having independently investigated its location and insured it as being in brick compartments, when in fact the cotton was in frame sheds where it was destroyed by fire, the policy will be reformed as for mutual mistake and recovery will be had thereon by the insured. See, also, 14 R. C. L. 1166, 1159, 1171, and 1172. Many other authorities could be cited, but we deem it unnecessary.

It is true that the appellant's testimony disputed many of the facts relied upon for recovery, but the jury, and not the appellate court, decides conflicts in evidence. The law of waiver and estoppel is not dependent upon contract, and contract cannot write out of the law the provisions of waiver and estoppel, as was held in the case of Fraternal Aid Union v. Whitehead, 125 Miss. 153, 87 So. 453. Numerous instructions are complained of which were given for the plaintiff, and a number refused for the defendant are also complained of. We have carefully examined the instructions as given and refused for

both sides, and without taking up the contentions separately and in detail, we think there is no reversible error in the giving or refusal of instructions. Consequently, the judgment of the court below will be affirmed.

Affirmed.