AETNA INS. CO. *v.* SIMS *et ux.*

(Division A. March 30, 1936. Suggestion of Error Overruled April 27, 1936.)

[166 So. 759. No. 32080.]

Watkins & Eager, of Jackson, for appellant.

**F. D. Hewitt,** of McComb, for appellees.

Argued orally by **W. H. Watkins, Jr.,** for appellant, and by **F. D. Hewitt,** for appellee.

**Cook, J.,** delivered the opinion of the court.

This is a suit on a fire insurance policy, and was originally filed in the circuit court. Upon motion of the defendant company, the cause was transferred to the chancery court, and there, by bill of complaint as finally amended, the complainants sought a reformation of the policy of insurance by inserting the name of Mrs. F. W. Sims instead of F. W. Sims, as the sole and unconditional owner of the property destroyed by fire, and also a recovery of the balance of the face of the policy after allowing credit thereon of an amount paid by the company to the First National Bank of McComb, as mortgagee. Upon the proof offered at the hearing of the cause, the chancellor entered a decree granting the relief prayed for, and from that decree the company appealed.

The amended bill of complaint alleged that for a period of more than twenty-seven years the appellee Mrs. F. W. Sims and her husband, F. W. Sims, occupied the residence and premises located at 617 Louisiana avenue, McComb, Mississippi, as their home, and that during all that period the title to this property was in the name of the said Mrs. F. W. Sims, or Mrs. Bessie Evans Sims. It was further averred that about ten years before the policy sued on was issued the local agent of the appellant company solicited of Mrs. F. W. Sims the insurance on this home, and that, as a result of the solicitation of this agent, over the telephone and by a personal interview, she authorized him to write the insurance on her property, and to deliver the policy or policies, with mortgage clause attached, to the mortgagee thereof, that in pursuance of this authority the said agent wrote the insurance from year to year, delivered the policies to the mortgagee, and collected the premiums, and that during this entire period of time the appellees did not see the policies or have any notice of the fact that the name of F. W. Sims appeared therein as owner of the property.

It was further averred that in the year 1933 the said agent, with full knowledge of the status of the title of such property, wrote the policy sued on and delivered it to the First National Bank, mortgagee, and that by mutual mistake, oversight, or inadvertence the name of F. W. Sims was inserted therein as the owner instead of Mrs. F. W. Sims, the true owner of the legal title.

Appellant answered the bill of complaint and denied the material averments thereof, and particularly the averment that its agent was informed as to the status of the title of said property, and that the insurance was written in the name of F. W. Sims as owner by mutual mistake, oversight, or inadvertence. The answer further affirmatively pleaded the provision of the policy that it should be void if the interest of the insured be other than unconditional and sole ownership, or if the subject of the insurance be a building on ground not owned by the insured in fee simple, and also affirmatively asserted that it had fully settled with the mortgagee, First National Bank, for all its interest in the policy by the payment of one thousand dollars, and that, by virtue of an assignment executed by the said mortgagee, it had become subrogated to all the rights of the mortgagee in said property for the repayment of the sum it had been required to pay to the mortgagee.

Mrs. F. W. Sims testified that she and her husband occupied the insured residence as a home for about twenty-five years; that during all that time she kept the residence insured; that about ten years before the issuance of the policy sued on Mr. T. L. Furley, agent of the appellant, solicited her insurance over the telephone; that afterwards she had a personal interview with this agent and authorized him to write the insurance on her home; and that he then wrote a policy of insurance covering the home and delivered it to the bank which held a mortgage on the property, and thereafter kept the insurance renewed under the same arrangement. She also testified

that, when she authorized this agent to write this insurance, he knew where she lived, that he knew then and at all subsequent times that the title was in her name, and that he inspected the property several times during the period that he was writing the insurance thereon. She further testified that she did not see any of the policies written by this agent, that she paid all the premiums out of money earned by her husband, and that the said agent stated to her that the name of her husband had been inserted in the policy sued on by inadvertence on his part. F. W. Sims testified that he did not see any of the policies covering this property, did not have any notice or knowledge of the fact that he was designated therein as the owner of the insured property, and never had any communication whatever with the agent of the insurer with reference to insuring the said property.

T. L. Furley, appellant's agent who wrote the policy sued on, testified that he first issued a policy on the property located at 617 Louisiana avenue, in the city of Mc-Comb, in the year 1921, and thereafter renewed it from year to year; that in all of these policies F. W. Sims was designated as the owner of the property; that he had no notice or knowledge of the fact that the title to the property was in the name of Mrs. F. W. Sims until after it was destroyed by fire, and that he mailed notices of premiums due to F. W. Sims and delivered the policies to the First National Bank, the mortgagee. He further testified that Mrs. Sims paid the premiums, that he did not remember whom he solicited this insurance from, but had no reason to believe that Mrs. Sims' testimony that he solicited it from her was untrue. He denied that he told Mrs. Sims that the name of Mr. Sims was written in the policy by inadvertence on his part.

While the testimony of Mrs. Sims that prior to the issuance of the first policy the agent was fully informed of the status of the title of the property to be insured is contradicted by the agent, her testimony that the agent

sought from her authority to insure the property is un-contradicted. The testimony that the agent did not solicit the insurance from Mr. Sims, and that no communication whatever in reference thereto was had between them, is likewise uncontradicted, and so is the statement of Mrs. Sims, that the agent solicited the insurance from her; and we must presume that neither the company nor its agent intended to issue a policy that on its face would be of no value to either the husband or the wife. To presume otherwise would be to presume an intentional and palpable fraud on the part of the company and its agent. Certain it is, from the evidence, that the agent intended to write a valid policy on the particular property described therein, one which would protect the owner of the property from loss by reason of damage or destruction thereof by fire, and the evidence further establishes the fact that neither Mr. nor Mrs. Sims did anything to mislead the agent as to the ownership of the property. The agent of the company inspected the property to be insured, and the necessary effect of his testimony is that he merely assumed that the title was in the name of the husband, and that, intending to insert in the policy the name of the true owner, he inserted the name of another by misunderstanding and mistake on his part as to the ownership of the property—a mistake which was not induced by any act or word of either the owner of the property or her husband. Upon these facts the court below committed no error in decreeing the reformation of the policy. St. Paul Fire & Marine Ins. Co. v. Loving, 163 Miss. 114, 140 So. 727; Sundin v. County Fire Ins. Co., 144 Minn. 100, 174 N. W. 729.

Affirmed.