SAUCIER *v.* LIFE & CASUALTY INS. CO. OF TENNESSEE.

(Division A. March 28, 1938.)

[179 So. 851. No. 33117.]

L. M. Gex, of Bay St. Louis, for appellant.

**R. C. Cowan** and **Charles R. Galloway,** both of Gulf-port, for appellee.

Argued orally by **L. M. Gex**, for appellant, and by **Charles R. Galloway**, for appellee.

**McGehee, J.**, delivered the opinion of the court.

This is an appeal from the action of the circuit court of Hancock county in sustaining a demurrer to the declaration filed by the appellant as beneficiary in a policy of insurance on the life of her husband, Antoine J. Saucier, deceased.

The declaration alleges, in substance, that on or about the 1st day of October, 1935, the appellee was engaged in writing life insurance in the state of Mississippi, and that C. V. Latimer, who resides at Gulfport, Miss., was its agent; that prior to the issuance of the policy sued on the said Latimer, ''General Insurance Agent'' for the appellee, approached the insured and solicited his application and was advised by the insured that he had another policy in a different company and was unable to take the insurance in question; that the said agent then suggested to the insured that he surrender the policy which he then held in the other company and take out the policy with the appellee; that the insured then advised the said agent that he did not have a sufficient amount of money to pay the initial premium on the new policy; that the said agent thereupon advised the insured that he would deliver the policy and would credit him for the payment

of the first premium; that this was agreed to by the insured, and that the policy was thereafter issued by the company and delivered to the insured by the said agent, with the understanding that the same was in full force and effect from and after the 1st day of October, 1935; that the insured died on October 22, 1935, without the initial premium having been paid; that following the death of the insured the appellant tendered to the appellee the amount of the initial premium due under the policy, for the payment of which credit had been extended to the insured by the agent as aforesaid; that the necessary proof of loss was furnished in accordance with the provisions of the policy of insurance; and that liability under the policy was denied by the appellee.

The policy of insurance was made an exhibit to the declaration, and contains, among other provisions, the following:

"Premiums: This policy shall not take effect until the first premium shall have been paid in cash and this contract delivered and accepted during the lifetime and good health of the insured. If the premium is paid in cash when application is taken, the risk shall be assumed as of date of the application subject to all the terms and conditions of this Policy.

"All premiums are payable in advance at said Home Office or to an agent of the Company upon delivery, on or before the date due, of a receipt signed by the President, Secretary, or Treasurer of the Company and countersigned by said agent. Except as herein provided the payment of a premium or instalment thereof shall not maintain this policy in force beyond the date when the next premium or instalment of premium is payable. . . .

"General Provisions. Only the President, Vice-President, Secretary, Assistant Secretary, Actuary, or Treasurer has power on behalf of the Company to make or modify this contract."

The facts alleged in the declaration were sufficient to

constitute an allegation that C. V. Latimer was a general agent of the appellee insurance company. A general agent of an insurance company who has authority to deliver policies and receive payment of the premium has power to waive prepayment of the premium, although the policy contains a condition to the contrary. Miller v. Brooklyn Ins. Co., 79 U. S. 285, 12 Wall. 285, 20 L. Ed. 398; Joyce on Insurance (2 Ed.), vol. 1, p. 286. Where a contract of insurance is otherwise complete, an unconditional delivery of the policy by a general agent operates as a waiver of the prepayment of the premium, notwithstanding an express provision therein that the company shall not be liable until the premium is actually paid. Joyce op. cit., p. 289. If the person who receives the application for a policy of life insurance, delivers the policy, and has authority to collect the premium, is a general agent, his power to waive conditions and forfeitures is, according to the weight of authority, coextensive with that of the insurance company itself. By the weight of recent authority a mere stipulation that no agent shall have power to waive conditions or forfeitures does not apply to a general agent. In Cooley's Briefs on Insurance (2 Ed.), vol. 5, p. 4019, it is said that "the waiver of the limitation need not in fact be by the company, but may be by an agent who has authority to act for the company in his locality for all purposes connected with the contract, who is the alter ego of the company in his locality," and that "the rule is based on the principle that the company cannot make its local agent the medium through which all the benefits of the policy flow from the insured to it, and then deny his authority to represent it when the benefits of the insured are involved (Hartford Fire Ins. Co. v. Brown, 60 Fla. 83, 53 So. 838)."

We think this rule is clearly applicable where the local agent sustains the relationship of a general agent to the company, and hence we consider it unnecessary, in view of the allegation that the policy in question was delivered

by the general insurance agent of the company, to discuss the effect of section 5196, Code of 1930, as construed in the cases of Lamar Life Ins. Co. v. Kemp, 154 Miss. 890, 124 So. 62; American Bankers' Ins. Co. v. Lee, 161 Miss. 85, 134 So. 836; Home Ins. Co. of New York v. Thornhill, 165 Miss. 787, 144 So. 861; Travelers' Fire Ins. Co. v. Price, 169 Miss. 531, 152 So. 889; Aetna Ins. Co. v. Lester et al., 170 Miss. 353, 154 So. 706; and other cases.

We are of the opinion that the court below was in error in sustaining the demurrer to the declaration.

Reversed and remanded.