### HEWETT–WILLIAMS & WILLIAMS CONST. CO. v. CAPITAL FIRE INS. CO. OF CALIFORNIA.

No. 13236.

United States Court of Appeals, Fifth Circuit.

April 6, 1951.

Rehearing Denied May 14, 1951.

---

S. E. Morse, Gulfport, Miss., for appellant.

R. A. Wallace, Gulfport, Miss., for appellee.

Before HUTCHESON, Chief Judge, and McCORD and BORAH, Circuit Judges.

McCORD, Circuit Judge.

This suit was brought to recover $23,446.62, plus interest, from Capital Fire Insurance Company of California, appellee, as the amount claimed to be due in settlement of a property loss suffered by appellant, and supposedly covered by a policy issued by appellee. Recovery is sought on the basis of an alleged adjustment agreement made by appellant with a duly authorized adjuster of appellee at the time of the loss. The insurance contract under which the adjustment was supposedly made is a Builders Risk policy, insuring against fire and lightening with an extended coverage endorsement against windstorm. The policy covered appellant's two apartment buildings at Mississippi City, Mississippi, while under construction. The buildings were severely damaged by windstorm on September 19, 1947.

The principal questions confronting us for determination are (1) whether the notice of occupancy of the insured property given to the insurer's general agent, and appellant's request for an adjustment of the rate under the policy, was sufficient to maintain the policy in force and effect up until the time of the loss; and (2) whether an authorized adjuster of appellee exceeded his authority in adjusting the loss.

The material facts reveal that R. T. Hewett, president of appellant, commenced the construction of two apartment buildings in Mississippi City, and procured the builder's risk policy in question from Leedy-Glover Company of Birmingham, Alabama, in the amount of $40,000.00. Leedy-Glover delivered the policy to appellant and collected the premium due thereon. Before completion of the buildings, Hewett called Leedy-Glover, and gave that company notice that one of the apartment buildings was ready for occupancy by tenants, and ready for an adjustment of the premium rate. At that time it is without dispute that Leedy-Glover Company authorized him to allow the tenants to move in, and that it was agreed an adjustment would be made. It was shown that a Mr. Beach, chairman of the board of Leedy-Glover Company, was present shortly before the windstorm which damaged the buildings, and that he personally inspected the buildings and discussed the occupancy of one of the buildings with Hewett. About two days before the buildings were completed, the storm occurred and they were damaged. Appellant thereupon notified Leedy-Glover Company by telephone, and was advised to secure the buildings against further damage, and that an adjustment would follow. The next day Hewett received a wire to contact Harry Kane, a local adjuster, regarding the damage and a settlement, which he did. Kane appraised the damage from the windstorm at approximately $30,000, and agreed on an adjustment of the loss with Hewett. The agreement between them was to the effect that Hewett would repair the buildings on a cost plus ten per cent basis, and that he

would be reimbursed on that basis. The repair work was begun on the day of the agreement with Kane, and was thereafter completed at a cost of $23,446.62, being the amount claimed in this suit.

■ It was shown that the insurance policy in question was written in the Capital Fire Insurance Company of California, appellee, through Johnson-Overton Company, a general fire insurance agency in Birmingham, Alabama, and was countersigned by the Palmer Insurance Agency at Gulfport, Mississippi. Leedy-Glover Company issued the policy to appellant, and collected the premium due thereon. A Builder's Risk policy, of the type here under consideration, is temporary insurance during construction, and is usually changed into permanent insurance when the construction work is completed, without any interruption of the coverage.

It was further shown that the insurance adjuster, Harry Kane, had been in business for twenty-seven years, and had long experience in adjusting for various companies after hurricane and windstorm losses; that on September 21st, 1947, after the damage had occurred, Owen Palmer, appellee's agent at Gulfport, Mississippi, contacted Kane and directed him to get in touch with Mr. Hewett and proceed to adjust the loss in accordance with instructions from appellee's general agents, Johnson-Overton Company in Birmingham, Alabama; that Kane checked the reports to determine the extent of the coverage, after which he proceeded to the scene of the loss, made an investigation, and found one of the buildings occupied; that Kane concluded the damage had been caused by the wind, and agreed that appellant should repair the buildings on a cost plus ten per cent basis; that Kane thereafter notified Johnson-Overton Company of his adjustment and the cause of the damage and forwarded to it a copy of the report and his agreement with appellant; that on October 20th, Kane wrote Johnson-Overton Company of his intention to complete the adjustment, and notified the Company that appellant was making the repairs to the property agreed upon, which would take several months, and that when the repairs were completed he would check the expenses incurred, and submit the correct figures to the Company; that after Kane adjusted the loss Mr. Overton, vice-president of Johnson-Overton Company, was on the Gulf coast, inspected the property, and agreed with Kane's adjustment; that by letter dated November 5, 1947, the adjustment assignment was withdrawn from Kane, but that appellee afterwards paid the bill for his services.

The case was tried to a jury, and at the conclusion of the case the trial court gave a peremptory instruction in favor of the plaintiff for the amount sued for, plus interest. After judgment had been entered for plaintiff, appellee filed motion for judgment notwithstanding the verdict, and seven months later, on November 8, 1949, the trial court sustained appellee's motion and entered judgment thereon. Motion for rehearing by appellant, or in the alternative for a new trial, was afterwards overruled.

■ We are of opinion the district court erred in sustaining judgment for defendant notwithstanding the verdict, and in denying appellant's motion for rehearing or a new trial. Here, the evidence is without dispute that notice of occupancy was given to the general agent to whom appellee had intrusted its policy, the inspection of the risk, and the collection of the premium due. That agent, Leedy-Glover Company, consented to the occupancy, advised that the rate would be adjusted, and was in the process of procuring a change of insurance from a builder's risk policy to a policy of permanent insurance when the windstorm struck and the damage occurred. The agency of Leedy-Glover Company had not terminated at the time of the loss, as it was contemplated by all parties that it would continue until such time as the temporary insurance was converted into a permanent policy. Section 5706, Mississippi Code of 1942; Aetna Insurance Company v. Lester, 170 Miss. 353, 154 So. 706; Sutherland v. Insurance Co., 97 Miss. 345, 52 So. 689; Cf. Saucier v. Life Ins. Co., 181 Miss. 887, 179 So. 851; St. Paul Mercury Indemnity Co. v. Ritchie, 190 Miss. 8, 198 So. 741.

We find no merit in the contention that appellee's adjuster, Kane, had no authority to adjust the loss. Kane's appointment by appellee's agent stands without dispute in the record. His adjustment of the loss at a cost much less than the limit of the policy coverage was at the direction and with the approval of appellee's agents. He had full authority to make the adjustment, and appellant has expended a large sum of money in reliance thereon. Under the circumstances shown, appellee is bound by the actions and representations of its general agents concerning the loss, and the adjustment of the loss by Kane. Section 5706, Mississippi Code of 1942; Fidelity-Phenix Fire Insurance Company v. Redmond, 144 Miss. 749, 111 So. 366; Cf. Saucier v. Life and Casualty Company, 189 Miss. 693, 198 So. 625; Cf. St. Paul Mercury Indemnity Company v. Ritchie, 190 Miss. 8, 198 So. 741; see also, Claxton, v. Fidelity & Guaranty Fire Corporation, 179 Miss. 556, 175 So. 210.

The cause is hereby reversed and remanded with direction to reinstate the original judgment in favor of appellant.

Reversed and remanded with direction.