PATTEN, Associate Justice.
This is an appeal from Final Judgment entered in the Court below on action brought by appellee against appellant to recover under the terms of an insurance policy.
The facts succintly stated are as follows: the appellant executed and delivered to one Jimmie Lee James a policy of insurance whereby, in consideration of the payment to the appellant of the premium specified in the policy, appellant insured the life of said Jimmie Lee James in the sum of $500 with provision for double indemnity payment to the named beneficiary upon proof of death of insured and upon the surrender of the policy in the event the insured should die within 90 days from bodily injuries sustained after the effective date of the policy through external, violent and accidental means.
On August 14th insured was struck by lightning which caused immediate death. Proper proof of death and surrender of the said policy was made by appellee.
Appellant contends that it is not liable under the policy because the first premium was never paid. The Court below ruled *375 that possession of the policy at the time of his death by the insured raises the presumption that the first premium was paid; further, that the burden of establishing non-liability on account of the failure to pay the first premium is on the appellant.
Our examination of the record convinces us that the evidence offered by the insurance company to rebut this presumption was legally insufficient to support a verdict in its favor and therefore the lower court was entirely justified in directing a verdict for the appellee. While we agree that it was a question of fact that ordinarily should have been submitted to the jury, Lamar Life Ins. Co. v. Kemp, 154 Miss. 890, 124 So. 62, because of the lack of any substantial competent evidence in this case to establish this fact — due primarily to the untimely death of both the agent and the assured shortly after the delivery of the policy- — -the lower court did not err in the course it followed. The judgment of the lower 'Court is therefore affirmed.
ROBERTS, C. J., and TERRELL and DREW, JJ., concur.