CALVERT FIRE INSURANCE COMPANY *v.* CARTER

No. 40874 October 27, 1958 105 2d 758

*Roger C. Landrum,* Columbus, for appellant.

*J. Hoy Hathorn,* Louisville, for appellee.

LEE, J.

Albert W. Carter, a policyholder in Calvert Fire Insurance Company, sued, under the terms of his policy,

to recover the amount of damage to his automobile, proximately resulting from an upset thereof.

The Company under its policy was liable to the plaintiff for "(1) the actual cash value of the automobile, or if the loss is of a part thereof the actual cash value of such part, at time of loss or (2) what it would then cost to repair or replace the automobile or such part thereof with other of like kind and quality, with deduction for depreciation, * * *" less a deductible of $50.00.

The sole problem for the court's solution was the determination of the loss, or what it would cost to repair the automobile, so that it would be in as good condition after the wreck as it was immediately before.

Ray Wright, with fourteen years of experience in automobile and body repair work, testified that, following the wreck, he went over the car from bumper to bumper to determine just what the amount of the damage was; that he made a detailed estimate, according to reasonable and customary prices, of the cost to restore it to the normal efficiency which it had prior to the wreck; and that, in his opinion, it would cost $1,054.81 to do so, but even then the car perhaps would not be as good as it was before.

Wyatt Hall, employed by Taylor Machine Works, with eleven years experience in the automobile repair business, testified that the adjuster for the Insurance Company procured him to inspect the car and submit a bid on the cost of repairing the frame; but that, from his examination, he concluded that he could not repair the frame satisfactorily.

On the contrary, D. L. (Shorty) Williams, an experienced repair man from Columbus, testified that, at most, it would cost only $625.00 to repair the car. His estimate contemplated straightening the frame rather than obtaining a new one, because he did not think a new frame was necessary, although he said "I may be wrong." The cost of such new frame and the labor therefor would approximate $227.00. He did not think the windshield,

which was slightly damaged, should be replaced at a cost of $81.90.

Hubert McKee, with eleven years of experience in repair work, estimated that it would cost $537.72 to do the necessary repair work. His figures did not contemplate a new frame or a new radiator at a cost of $89 or about $60 of other items in the Wright estimate. He did say, in his evidence, that he would carry the car to Meridian, put in a new frame, and fully repair the same for $764. He did not explain, however, that, for this amount, he would install the new radiator and replace the other parts, amounting to $60, which he had said were unnecessary.

On this disputed evidence, the jury returned a verdict for the plaintiff and assessed his damages at $900. From the judgment entered, the Insurance Company appealed.

In the defendant's answer, it was charged that the amount of the demand was excessive; that the Company had obtained guaranteed repair orders of $592.91 and $537.72, and had offered to have the repairs made "on the basis of the foregoing"; but that the plaintiff refused to allow the car to be removed from the premises of Louisville Motor Company. █ The appellant now says that it was error for the court to allow the following question to and answer by the plaintiff: Q. "Have you ever refused the Calvert Fire Insurance Company to look at that car or to take it somewhere else if they wanted to?" A. "No, sir." At this juncture, the appellant objected "because that is not in support of any allegation of the declaration or in support of any affirmative matter in the answer." The court overruled the objection, saying "He can state to the jury what his case is." Immediately following this question and answer, the appellant cross-examined the plaintiff at great length and elicited the plaintiff's version thereof as follows: The Insurance Company did not propose to repair all

of the damage. When plaintiff asked Holley, the adjuster, if he was going to make certain repairs, Holley replied that that was "not hurt." The plaintiff was unwilling to let the car be removed if the Company was expecting to repair it according to the Williams and McKee estimates, and Holley told him that he could "take that or leave it." Moreover, Holley admitted on cross-examination that, under the Williams and McKee estimates, he did not propose to repair all of the items shown in the Wright estimate.

In other words, the Insurance Company's affirmative defense was that it had procured these two named repair orders and that it offered to have the car repaired on that basis, but that the plaintiff refused to let it do so. The plaintiff's answer, as stated above, did not take issue with the defendant's alleged plea of special matter. Both the question and the answer were proper. Besides, the appellant, by its cross-examination, drew out the facts according to the plaintiff's version, namely, that he declined to let the repairs be made under either of those orders because they would not fully restore the car to its former efficiency; and the defendant's own evidence showed that, under those orders, a new frame, a new radiator, and other items of a value of $60, under the Wright estimate, were not included in the proposed repairs. There was no conflict, therefore, between the alleged affirmative defense and the evidence of the plaintiff, as brought out by the appellant itself. Consequently Calvert Fire Insurance Company v. Swain, 217 Miss. 773, 65 So. 2d 253, is in nowise analogous.

Due consideration has been given to the matters complained about. No reversible error appears in the record. The cause must therefore be affirmed.

Affirmed.

*McGehee, C. J.,* and *Kyle, Arrington* and *Gillespie, JJ.,* concur.