HOME INS. CO. OF NEW YORK *v.* THORNHILL.

(Division. A. Dec. 12, 1932. Suggestion of Error Overruled Jan. 23, 1933.)

[144 So. 861. No. 30241.]

**Wells, Jones, Wells & Lipscomb,** of Jackson, for appellant.

Hall & Hall, of Columbia, for appellee.

790

Argued orally by **L. Barrett Jones,** for appellant, and by **Lee D. Hall,** for appellees.

**Smith, C. J.,** delivered the opinion of the court.

This is an appeal from a judgment for the appellee in a suit on a fire insurance policy issued to him by the appellant.

By two special pleas, the appellant sought to avoid the policy because of a false answer in the application therefor as to appellee's title to the property, and the violation of a provision of the policy that the insured must be the sole and unconditional owner of the property in fee.

At the close of the evidence, the appellant requested, but was refused, an instruction directing the jury to return a verdict for it.

The essential facts disclosed by the evidence are, in substance, as follows: The appellant is engaged in writing insurance on farm property and maintains an office in Chicago, Ill., which office is in general charge of its business in Mississippi. The application for the insurance was taken by the appellant's local agent, Moseley, at McComb, Miss., who forwarded the same to the appellant's Chicago office, where the application was approved, the policy issued, and forwarded to Moseley, with directions to countersign and deliver it to the appellee, which he did. This was the uniform course of the appellant in all such cases. The application was filled out by Moseley in the presence of the appellee, in response to questions propounded by him to the appellee, and was signed, but not read, by the appellee. One of the questions in the application propounded by Moseley to the appellee is: "Are you the sole and absolute

owner of the property proposed to be insured?'' In answer to which Moseley wrote in the application the word, ''Yes.'' The appellee states, and was corroborated by other witnesses, that he answered this question, when propounded to him by Moseley, by saying that: ''He asked me how much land there was, and I said 114 acres and it was in sixteenth section and had some fifty odd years on it when I bought it.'' Moseley denies that such was the appellee's answer, and said that the answer as written was in accord with that verbally made by the appellee. The application provides that: ''The foregoing is my own agreement and statement and is a correct description of the property on which indemnity is asked, and I hereby understand and agree that insurance shall be predicated on such statement, agreement and description if this application is approved, and that the foregoing shall be deemed and taken to be an agreement on my part running during entire life of said policy. . . . This company shall not be bound by any act done or statement made by or to any agent, or other person, which is not contained in this my application.''

The policy provides that: It is ''made and accepted subject to the stipulations and conditions printed on back hereof, which are hereby specially referred to and made a part of this policy, together with such other provisions, agreements, or conditions, as may be endorsed hereon or added hereto; and no officer, agent or other representative of the company shall have power to waive any provision or condition of this policy, except such as by the terms of this policy may be subject of agreement, endorsed hereon or added hereto, and as to such provisions and conditions, no officer, agent or representative shall have such power, or be deemed or held to have waived such provisions or conditions unless such waiver, if any, shall be written upon or attached hereto, nor shall any privilege or permission affecting the insurance under this policy exist or be claimed by the insured unless so written or attached.''

Among the stipulations and conditions referred to appears the following: "This indemnity contract is based upon the valuations and representations contained in the assured's application and diagram of even number herewith, which the assured has signed and permitted to be submitted to the company, and which are hereby made a warranty and a part hereof; and it is stipulated and agreed that if any false statements are made in said application or otherwise . . . this policy shall be null and void."

No copy of the application therefor was attached to the policy.

All sixteenth section land is owned by the state, and is leased, as was that on which the building here insured was situated, to private individuals.

We will leave out of view the fact that the policy came into existence only after being countersigned by Moseley, expressing no opinion as to the effect here thereof, and will decide the case on the appellant's theory that Moseley's powers were those only of a soliciting and delivering agent.

The appellant's pleas present two questions, first, the effect of the false answer in the application as to the appellee's title to the property, and, second, the effect of the provision in the policy that the appellee must be the sole and unconditional owner of the property in fee; and they will be considered and disposed of in that order.

This court, in line with many others, beginning with the case of Planters' Insurance Co. v. Myers, 55 Miss. 479, 30 Am. Rep. 521, has uniformly held that: "If the agent of an insurance company undertakes the preparation of an application for insurance in his company, and, by mistake or omission, fails to write down correctly the applicant's answer to a question propounded, the company will be bound by such answer, just as if it had been written down in the language used by the applicant, and presented thus to the company for its ac-

tion." American Life Ins. Co. v. Mahone, 56 Miss. 180 (4 Syl.); Mutual Reserve Fund Life Ins. Co. v. Ogletree, 77 Miss. 7, 25 So. 869; Fraternal Aid Union v. Whitehead, 125 Miss. 153, 87 So. 453, 458; Fidelity & Casualty Co. v. Cross, 131 Miss. 632, 95 So. 631; Continental Life Ins. Co. v. Chamberlain, 132 U. S. 304, 10 S. Ct. 87, 33 L. Ed. 341; 5 Cooley's Briefs on Insurance (2 Ed.), 4106 et seq.; 2 Joyce on Insurance, section 505 et seq.; and 32 C. J. 1333 et seq.

"The rule that the insured is not responsible for false answers in the application, where they have been inserted by the agent through mistake, negligence or fraud, is not absolute. The decisions supporting the doctrine are usually based on the theory that the insured has acted in good faith throughout, and that the false answers were inserted without his knowledge or consent . . ." But "the insured is not chargeable with such negligence as will render him liable for false answers inserted by the agent merely because he signed the application in blank and trusted to the agent to fill it out, or because he signed an application filled out by the agent without reading it." 5 Cooley's Briefs on Insurance, pp. 4131 and 4136; Lewis v. Mutual Reserve Fund Life Ass'n (Miss.), 27 So. 649; Fidelity & Casualty Co. v. Cross, 131 Miss. 632, 95 So. 631.

There is nothing in the evidence to indicate that the appellee did not act in good faith in not reading the answers which Moseley recorded in the application; but, on the contrary, it indicates that he, in good faith, relied upon Moseley correctly recording his answers.

While there is authority to the contrary, the provisions in the application and the policy to the effect that no statement or representation made to any agent of the appellant, other than such as appear in the application or policy, shall be binding on the appellant, do not relieve the appellant of liability for Moseley's act in filling out the application for the policy. 5 Cooley's Briefs on

Insurance (2 Ed.), 4142 et seq.; Lewis v. Mutual Reserve Fund Life Association, supra; and Fraternal Aid Union v. Whitehead, supra. Moseley's act in writing the answer which is alleged to be false was, under the circumstances, the act of the company. Continental Life Insurance Co. v. Chamberlain, supra. As said by this court in the Whitehead Case, supra, the case, in this respect, must be treated as though the appellant "was dealing personally with the president (of the appellant) and the president had performed the acts that" Moseley performed. The cases holding to the contrary are generally based on the leading case of New York Life Ins. Co. v. Fletcher, 117 U. S. 519, 6 S. Ct. 837, 29 L. Ed. 934; but as pointed out in 5 Cooley's Briefs on Insurance (2 Ed.), 4143, and by this court in the Lewis Case, supra, a copy of the application containing the false answer was attached to (and made a part of) the policy there issued, and, as hereinbefore stated, such is not the fact here. What the rule would be in that state of case is not here presented.

Any doubt that could arise as to the rule to be here applied is removed by section 5196, Code 1930, under which Moseley is expressly made the agent of the appellant in soliciting and delivering the policy "as to all the duties and liabilities imposed by law, whatever conditions or stipulations may be contained in the policy or contract." This provision of the statute writes out of the application and the policy the limitations on the common-law liability of the appellant growing out of Moseley's acts in obtaining the application for the policy.

This brings us to the second question hereinbefore set forth, which is: Is the policy void because of the provision therein that the insured's title to the property must be sole and unconditional ownership in fee?

Since the appellee had only a leasehold interest in the property, we will assume that the policy is void, unless the appellant is estopped from invoking the sole

and unconditional ownership provision of the policy, because of Moseley's knowledge of the appellee's limited interest in the property.

Under the general law of agency, knowledge acquired by an agent when transacting his principal's business will be imputed to his principal although not communicated to him, in the absence of a limitation on the agent's authority to the contrary, known to the person with whom the agent deals.

But there is a conflict in the decisions of the courts as to whether such a limitation on the agent's authority applies to insurance policies. Many of the cases seem to hold that it does not, and that notwithstanding such limitation, though set out in the application therefor, and in the policy when issued, the knowledge of its agent has the same effect as actual knowledge of the insurance company. This court so held in Big Creek Drug Co. v. Insurance Co., 115 Miss. 333, 75 So. 768; Hartford Fire Ins. Co. v. Clark, 154 Miss. 418, 122 So. 551. Counsel for the appellant, however, earnestly insist that those cases were wrongfully decided; are in conflict with several prior decisions of this court, and should be overruled; and that, in so far as the Clark Case applied, section 5196, Code 1930, it is in conflict with American Bankers' Ins. Co. v. Lee, 161 Miss. 85, 134 So. 836, 840.

As will hereinafter appear, the Clark Case and the Lee Case are not in conflict, and it will not be necessary for us to consider the alleged conflict of the Big Creek Drug Company and the Clark Cases, with prior cases of this court dealing with the general law of agency, for we have arrived at the conclusion that the judgment of the court below must be affirmed without reference thereto. Section 5196, Code 1930, provides that: "Every person who solicits insurance on behalf of any insurance company, or who takes or transmits, other than for himself, an application for insurance, or a policy of insurance, . . . or who shall receive or deliver a

policy of insurance of any such company . . . shall be held to be the agent of the company for which the act is done or the risk is taken as to all the duties and liabilities imposed by law, whatever conditions or stipulations may be contained in the policy or contract.''

As this section first appeared in our Codes as section 1085, Code 1880, and thereafter as section 2327, Code 1892, it did not contain the words ''whatever conditions or stipulations may be contained in the policy or contract;'' those words first appearing therein when the statute was brought forward into the Code of 1906 as section 2615 thereof. In its original form, it may be, but as to which we express no opinion, the statute did not affect the duties of an insurance company's agent, as was held by Supreme Court of the United States in Mutual Life Ins. Co. of New York v. Hilton-Green, 241 U. S. 613, 36 S. Ct. 676, 60 L. Ed. 1202; but as it now reads, it does and was intended to so do.

The effect of the addition to the statute of the words ''whatever conditions or stipulations may be contained in the policy or contract'' is to write out of policies and contracts of insurance the limitations therein, of the character here in question, on the powers of insurance agents acting within the general and ordinary scope of their authority, and to adopt the rule of those courts holding that such limitations do not relieve insurance companies from their usual and ordinary liability for the acts and conduct of their agents.

The provisions to the contrary in the application and policy here under consideration being written out of them by the statute, the appellant must be charged with Moseley's knowledge, if such he had, that the appellee was not the sole and unconditional owner of the property insured in fee and therefore it waived, or is estopped from pleading, the provision in the policy that it should be void if the insured's title was not such.

In the Lee Case it was said that, ''This statute does not

alter the general law of agency.'' What the court there had in mind, as an examination of its opinion will disclose, was that the statute does not convert an insurance company's mere soliciting agent into its general agent, which construction is in accord with Stewart v. Coleman & Co., 120 Miss. 28, 81 So. 653. Should what was said in the Lee Case be in conflict with Interstate Life & Accident Ins. Co. v. Ruble, 160 Miss. 206, 133 So. 223, and with what was said in St. Paul Fire & Marine Ins. Co. v. Loving (Miss.), 140 So. 727, as to·which we express no opinion, such conflict is of no consequence here, for those cases simply gave the statute a broader scope than it is necessary for us to here give it.

The writer hereof dissented from the conclusion reached by the court in the Clark Case, but he must confess that he is now of the opinion that, in so far as it applied section 5196, Code 1930, it was correctly decided, and, of course, the other reasons there given for imputing to an insurance company the knowledge of its soliciting agent would also control here, unless and until the court, in banc, should decide otherwise.

Whether Moseley was advised by the appellee of the true state of his title was, under the evidence, a question for the jury.

Affirmed.