CALVERT FIRE INS. CO. *v.* SWAIN.

June 8, 1953

No. 38825 34 Adv. S. 20 65 So. 2d 253

*Roger C. Landrum,* for appellant.

*H. T. Carter,* for appellee.

McGEHEE, C. J.

On January 29, 1951, the defendant, Calvert Fire Insurance Company, of Philadelphia, Pennsylvania, issued unto the plaintiff, George F. Swain, Jr., an insurance policy on a certain Dodge motor truck to protect him against loss to the extent of its actual cash value from destruction by either fire, theft or collision. This Dodge motor truck, along with one GMC and two Ford trucks, was purchased by the insured about the middle of January 1951 from the East End Motor Company at Columbus, Mississippi, on the occasion when the said company purchased all of the trucks from one S. B. Platt. The Dodge truck here involved was purchased for use by the plaintiff Swain in hauling groceries to his store from Jackson to Philadelphia, Mississippi, a distance of approximately 80 miles; and, over the objection of the defendant insurance company, the plaintiff and Mr. Platt were both permitted to testify that the agent who filled out the applications for the insurance policies on the several trucks involved in the sale was then and there informed by the plaintiff that he intended to so use the Dodge truck and intended to use the GMC truck in hauling from Jackson to Columbus.

The policy contained a "Limitation of Use" endorsement in the following words: "In consideration of the premium at which the Policy designated above is issued, it is warranted by the insured that no regular or frequent trips of commercial vehicles described in such Policy are or will be made during the policy period to

any location beyond a 50 mile radius from the limits of the city or town of principal garaging of such vehicles.''

The defendant insurance company after having fully answered the allegations of the declaration, set up as an affirmative defense in its answer the Limitation of Use endorsement on the policy and alleged that the Dodge truck in question was destroyed by fire in May 1951 as a result of being involved in a collision enroute from Jackson to Philadelphia, and that, therefore, there was no liability for the loss sued for, even though the collision occurred within a 50-mile radius from the limits of the City of Philadelphia, which was the principal garaging place of the vehicle.

The plaintiff filed no reply to this affirmative matter set up by the defendant in its answer, and was therefore prohibited by section 4, chap. 230, Laws of 1948, from introducing the testimony of the plaintiff and his witness, Platt, in regard to the agent who took the application for the insurance policy on this truck having been informed that the insured intended to use the same for regular and frequent trips ''beyond a 50 mile radius from the limits of the city or town of principal garaging of such vehicle.'' The objection to this testimony having been timely made, the same should have been sustained.

The said Section 4 of the above-mentioned statute reads as follows: ''That if the defendant desire to prove by way of defense in an action, any affirmative matter in avoidance, which by law may have been proved heretofore under special plea he shall set forth in his answer to the action such affirmative matter and incorporate such defense therein, otherwise such matter shall not be allowed to be proved at the trial; and said answer shall fully set forth any special matter which the defendant intends to give in evidence in bar of the action; and when such matter shall have been set forth in said answer, the plaintiff shall, before the trial of the cause, file a written statement of any special matter which he intends to give in evidence in denial or avoidance of such

special matter so given in the answer by the defendant, and to which it would have been necessary heretofore to reply specially had the defendant's defense been specially pleaded; and if such special matter be not so alleged by the plaintiff, evidence of such matters shall not be given at the trial.''

This provision of the statute evinces a definite intent and purpose on the part of the Legislature to require a defendant in the circuit court to fully disclose any affirmative defense that he may desire to introduce, and that such a defendant should no longer be permitted to interpose the defense under a plea of the general issue. But in requiring the defendant to do so, the Legislature made this provision of the statute a ''two-way street'' by then requiring that when the defendant has set up an affirmative defense or defenses in his answer, the plaintiff shall then advise the defendant by a written reply of any special matter which he intends to give in evidence in reply to the special matter pleaded by the defendant. This is equitable, fair, and just, and the statute should be enforced as written. The admission of the testimony on behalf of the plaintiff in seeking to avoid the affirmative defense set up in the answer of the defendant in the instant case, without having filed a reply to such affirmative defense setting forth the special matter intended to be proved in avoidance, constituted reversible error.

It appears from the stipulation of the parties in the record that the defendant, Calvert Fire Insurance Company, is a subsidiary of the Commercial Credit Company, which financed the purchase by the plaintiff of the four motor trucks. And it further appears from the testimony of the witnesses that Mr. F. L. Edwards, the bookkeeper of the East End Motor Company at Columbus, was the person who took the applications for the policies of insurance on the several trucks and transmitted the same to the defendant insurance company through the said Commercial Credit Company; that he

filled out the applications before they were signed by the insured, and also set up the monthly payments that the purchaser of the trucks would be required to meet on each of them, including the prorated insurance premiums; that Mr. Edwards was the only agent that the applicant for the insurance knew or had any dealings with when procuring this fire insurance policy; and that while he testified on direct examination that the applicant stated that this truck would be used within a radius of 50 miles of its storage place, he admitted on cross-examination that he did not remember whether or not the applicant stated that it would be used from Philadelphia to Jackson, whereas both the insured and his witness, Platt, who was present at the time of the sale of the trucks to the plaintiff by the East End Motor Company, testified that the plaintiff did in fact inform Mr. Edwards that he intended to use this particular truck between Philadelphia and Jackson.

Section 5706, Code of 1942, provides, among other things, that "Every person who solicits insurance on behalf of any insurance company, or who takes or transmits, other than for himself, an application for insurance, . . ., shall be held to be the agent of the company for which the act is done or the risk is taken as to all the duties and liabilities imposed by law, whatever conditions or stipulations may be contained in the policy or contract; . . ."

It was held in the case of Home Insurance Co. of New York v. Thornhill, 165 Miss. 787, 144 So. 861, that a fire insurance company whose agent made out an application and failed to write correctly applicant's answer to a question was bound by the answer notwithstanding a contrary provision in the application and policy; that the insurance company was bound by the applicant's answer in such case just as if it had been written down in the language used by the applicant and presented thus to the company for its action, in view of the statute here involved, making an insurance solicitor taking an appli-

cation for insurance the agent of the company without regard to the conditions that may be contained in the policy or contract: and that generally an agent's knowledge acquired while transacting business for the insurance company will be imputed to the latter, although not communicated to the company, in the absence of a limitation on the agent's authority known to the person dealing with such agent.

In the instant case we are not advised by the best evidence as to what the application contained as to the answer that may have been given by the applicant as to where he intended to use the motor truck. Neither the application nor the policy was introduced in evidence, although the policy itself does appear in the record. But, be that as it may, the testimony as to what knowledge was furnished the agent by the applicant as to where he intended to use the truck is incompetent for the reason hereinbefore stated, and the judgment in favor of the plaintiff in the sum of $850.00 as representing the actual value of the truck, which was admittedly a complete loss, must be reversed and the cause remanded.

Reversed and remanded.

*Lee, Kyle, Arrington,* and *Ethridge, JJ.,* concur.