## CALVERT FIRE INSURANCE Co. *v.* SWAIN.

No. 39629          April 25, 1955          79 So. 2d 537

*Roger C. Landrum,* Columbus, for appellant.

*H. T. Carter*, Columbus, for appellee.

Holmes, J.

This is the second appearance of this case in this Court. Calvert Fire Insurance Company v. Swain, 217 Miss. 773, 65 So. 2d 253. On the former appeal, a judgment favorable to the appellee was reversed and the cause remanded because the trial court permitted the introduction of certain evidence which this Court held to be inadmissible under the pleadings as they then appeared. On a retrial of the case, the appellee again recovered a judgment, from which this appeal is prosecuted.

The action is on an insurance policy issued by the appellant to the appellee on January 29, 1951, covering the appellee's Dodge truck, and extending the coverage thereof to loss by fire, theft, or collision.

The appellee was engaged in the business of selling produce and in operating a motor freight line. About the middle of January, 1951, he purchased from Sammie Platt the Dodge truck in question for $843.00, and also one GMC truck and two Ford trucks. The purchase was effected through the East End Motor Company of Columbus, Mississippi, in order that the financing of the purchase might be obtained through the Commercial Credit Company. F. L. Edwards, the bookkeeper of the East End Motor Company, was admittedly the agent of the appellant, with authority to take and transmit applications for insurance to be written by the appellant, and accordingly he took, prepared, and transmitted to the appellant through the Commercial Credit Company the appellee's application for insurance on the aforesaid Dodge truck. The policy contained the following limitation of use endorsement: "In consideration of the premium at which the policy designated above is issued, it is warranted by the insured that no regular or frequent trips of commercial vehicles described in such policy are or will be made during the policy period to any location beyond a fifty-mile radius from the limits of the city or town of principal garaging of such vehicles."

The original application for the insurance was not introduced in evidence. However, the appellee testified that the application was taken and prepared by F. L. Edwards, the agent of the company, and that he told the agent that the Dodge truck would be principally garaged in Philadelphia, and would be employed in regular and frequent runs, six days a week, between Philadelphia and Jackson. While F. L. Edwards, the agent, testified that the appellee told him that the truck would not be employed in excess of a radius of fifty miles from Philadelphia, the principal place of garaging, he further testified that he would not deny that the appellee told him at the time he was taking and preparing the application that the truck would be regularly employed on runs between Philadelphia and Jackson, which is a distance of about 80 miles.

The truck was completely destroyed by collision and fire in May, 1951, while on a run between Philadelphia and Jackson, the same having occurred about 33 miles from Philadelphia. The appellant failed to pay the loss and the appellee filed this suit. The appellant plead as an affirmative defense the violation of the aforesaid limitation of use endorsement, averring that the Dodge truck in question was destroyed by fire as a result of being involved in a collision while en route between Philadelphia and Jackson, which was in excess of a radius of fifty miles from the principal place of garaging in Philadelphia, and, therefore, there was no liability for the loss. On the first trial, the appellee failed to file a written statement of special matter which he intended to give in evidence in denial and avoidance of the special matter so pleaded in defense by the appellant, as required by Sec. 4 of Chap. 230 of the Mississippi Laws of 1948, and accordingly this Court held on the first appeal that the trial court erred in admitting in evidence testimony that the appellee told the appellant's agent at the time he took and prepared the application for the insurance that the Dodge truck would be em-

ployed in regular trips between Philadelphia and Jackson. On the retrial of the case, however, resulting in the judgment from which this appeal is prosecuted, such written statement was filed by the appellee and such testimony became competent, and is considered by us on this appeal. ■■ ■ It follows, therefore, from practically undisputed testimony that at the time the appellant's agent took and prepared the application, and transmitted the same to the appellant, the agent knew that the appellee intended to use the truck on regular runs between Philadelphia and Jackson, and that this knowledge was imputed to the appellant at the time of the issuance of the policy.

■■■ ■ The appellant contends, however, that notwithstanding these facts, a peremptory instruction should have been granted to the appellant because the limitation of use endorsement controls, and the violation thereof relieved the appellant of liability for the loss. We do not think so. It is well settled under our decisions that if the agent of an insurance company undertakes the preparation of an application for insurance in his company, and by mistake or omission, fails to write down correctly the applicant's answer to a question propounded, the company will be bound by such answer just as if it had been written down in the language used by the applicant and presented thus to the company for its action. Home Insurance Company of New York v. Thornhill, 165 Miss. 787, 144 So. 861. In the case of Home Insurance Company v. Thornhill, supra, the question was presented as to whether or not there was a false answer in the application as to the insured's title to the property. The insured claimed that he had made a full disclosure of the state of his title to the agent who filled out the application. The insurance company denied liability on the ground that the insured was not the sole and absolute owner of the property as reported in the application. The Court, referring to what is now Section 5706 of the Mississippi Code of 1942, said:

"The provisions to the contrary in the application and policy here under consideration being written out of them by the statute, the appellant must be charged with Moseley's knowledge, if such he had, that the appellee was not the sole and unconditional owner of the property insured in fee and therefore it waived, or is estopped from pleading, the provision in the policy that it should be void if the insured's title was not such."

Accordingly, we are of the opinion that since the proof shows without material conflict that the appellant knew, through knowledge communicated to its agent, that the truck in question was to be employed on runs between Jackson and Philadelphia, and that with such knowledge it issued the policy sued on, it is estopped to plead a violation of the limitation of use endorsement heretofore quoted.

The appellant also complains that certain of the instructions granted to the appellee are erroneous. Appellant's criticism of the instructions is based upon the contention that the parties are controlled by the literal provisions of the limitation of use endorsement. It is sufficient to say, however, in the light of the views heretofore expressed, that we find no error in the instructions complained of by the appellant.

It follows that the judgment of the court below must be and it is affirmed.

Affirmed.

*Roberds, P. J.,* and *Hall, Lee* and *Kyle, JJ.,* concur.