JEFFERSON LIFE & CASUALTY COMPANY *v.* JOHNSON.

No. 41492 May 9, 1960 120 So. 2d 160

*Heidelberg, Woodliff, Castle & Franks,* Jackson, for appellant.

*Nelson Cauthen,* Canton, for appellee.

GILLESPIE, J.

This case turns on the answer to this question: May a party rely on his own conduct, from which an estoppel may have arisen against him, for his own protection?

This is a suit for the recovery of medical and hospital benefits under a health and accident insurance policy. The insured recovered judgment below and the insurer appeals.

On August 16, 1957, insurer's agent solicited for insurer a policy covering C. A. Johnson and his wife, Mrs. Johnson. The agent undertook to prepare the application. Question No. 8 asked whether the persons to be insured had certain diseases. The agent did not inquire of Mr. Johnson whether he or Mrs. Johnson had any of the diseases mentioned in Question No. 8. The agent falsely wrote "No" in the space provided for the answer without the knowledge of the Johnsons. Question No. 10 of the application asked if insured understood and agreed that the policy would not take effect unless and until it was delivered while all persons insured thereunder were in good health. The agent falsely answered this question "Yes" without asking Mr. or Mrs. Johnson the question. Mrs. Johnson was named an insured under the policy with Mr. Johnson. She had three of the diseases mentioned in question No. 8. Insured signed the application without reading it. The agent then knew, or should have known, that a person of Mrs. Johnson's age would probably have some of the diseases listed in question No. 8. All these facts are admitted by insurer.

When the application was signed, Mr. Johnson gave the insurer a check for $14.50, of which $7.25 was for registration fee, $3.50 was for Mr. Johnson's premium for one month, or until September 23, 1957, and $3.75 was for one month's premium for Mrs. Johnson. This check was cashed by the insurer and retained by it.

Some time after Mr. Johnson received the policy, he read it and for the first time learned that the agent had falsely answered questions 8 and 10 of the application. On October 1, 1957, Mr. Johnson wrote the insurer and returned the policy, stating in the letter that he could not keep the policy and be honest with the company and himself. On October 11, 1957, the company wrote Mr. Johnson returning the policy after deleting Mrs. Johnson's name therefrom. In this letter the insurer stated that in view of Mrs. Johnson's physical condition,'' . . . she would not be eligible for the coverage extended by the contract.'' It further stated that since Mrs. Johnson had been afforded the protection the first month's premium for her was considered as earned and no refund was in order.

Insured paid no further premium prior to November 18, 1957, when Mr. Johnson was injured. Certain medical and hospital expenses were incurred for the recovery of which under the policy this suit was brought.

Mr. Johnson contends that since Mrs. Johnson was not entitled to coverage because of the condition of her health, and since she was included in the policy as an insured because the agent inserted false answers in the application, the premium for Mrs. Johnson was not earned. It is further contended that the $3.75 in the hands of the insurer for Mrs. Johnson's first month's premium should have been applied to the second monthly premium for Mr. Johnson. This would have kept the policy in force as to Mr. Johnson until October 23rd, and the thirty-one day grace period would extend the policy to November 23, 1957, which was past the date of Mr. Johnson's injuries.

Insurer constructs its argument as follows: (1) Insurer's agent inserted false answers to questions Nos. 8 and 10 of the application for insurance and knew Mrs. Johnson had some of the diseases listed in question No. 8; (2) knowledge of the agent is knowledge of the insurer; (3) insurer would have been estopped to deny lia-

bility for any claim Mrs. Johnson might have asserted on the policy; (4) insurer was on the risk as to Mrs. Johnson; (5) the premium paid for Mrs. Johnson was earned; (6) that part of the premium applicable to Mrs. Johnson was not available for extending the policy past the date of Mr. Johnson's injury; and (7) therefore, the policy had lapsed before the date of Mr. Johnson's injury.

■■ The rule is well stablished in this State that where the agent of an insurance company undertakes the preparation of an application for insurance, and by mistake or omission, fails to correctly write down the answers to questions propounded to the applicant, the company will be bound by the knowledge acquired by the agent just as if the agent had correctly written the answers in the application. Calvert Fire Insurance Co. v. Swain, 224 Miss. 85, 79 So. 2d 537; Home Insurance Co. v. Thornhill, 165 Miss. 787, 144 So. 861; World Insurance Co. v. Bethea, 230 Miss. 765, 93 So. 2d 624. The same rule applies where the agent who undertakes the preparation of the application fills in incorrect answers without asking the applicant the questions. The basis of the rule is that the insurer is estopped from pleading the provisions of the policy which provide that it should be void if the questions are not correctly answered in the application; or, as it is otherwise said, the insurance company waives the right to rely on a violation of the terms of the policy. Estoppel and waiver are often used interchangeably with reference to situations arising under insurance policies, although there is a distinction between the two. 19 Am. Jur., Estoppel, Sec. 36.

■■ The third proposition in insurer's argument is not valid because a party may not rely on his own conduct, from which an estoppel may have arisen against him and in favor of the other party, for his own protection. It would be a novel application of the doctrine of estoppel to allow a party to take advantage of his own dereliction. A right cannot arise to any one out of his

own wrong. ██ ██ The doctrine of estoppel is for the protection of innocent persons, and only the innocent may invoke it. A party cannot predicate an estoppel in his favor on his own dereliction, omission, or inadvertence where there is no concealment, misrepresentation, or other inequitable conduct on the part of the other party. ██ ██ And where the other party does not claim an estoppel, a litigant cannot become entitled to rely on his own wrong by asserting that he estopped himself thereby. 31 C. J. S., Estoppel, Sec. 75; Hopkins v. Hopkins, 174 Miss. 643, 165 So. 414. We said in Crabb v. Comer, 190 Miss. 289, 200 So. 133, that: "It is one of the oldest maxims of the law that no man shall, in a court of justice, take an advantage which has his own wrong as a foundation for that advantage."

Insurer's agent either deliberately or carelessly inserted false answers to two questions in the application. Under the terms of the policy, Mrs. Johnson was not covered. She claimed no estoppel, and she was the only one who could invoke the doctrine.

We conclude that since insurer cannot claim Mrs. Johnson's part of the premium was earned, it should have been applied to keep the policy in force as to Mr. Johnson.

Affirmed.

*McGehee, C. J.,* and *Hall, Lee* and *Ethridge, JJ.,* concur.