338 So.2d 391 (1976)
The HOME INSURANCE COMPANY
v.
THUNDERBIRD, INC.
No. 48831.
Supreme Court of Mississippi.
October 5, 1976.
Rehearing Denied November 9, 1976.
Watkins & Eager, James L. Carroll, Jackson, for appellant.
*392 Watkins, Pyle, Ludlam, Winter & Stennis, Ross F. Bass, Jr., Jackson, for appellee.
Before GILLESPIE, ROBERTSON and LEE, JJ.
GILLESPIE, Chief Justice, for the Court:
Thunderbird, Inc., sued Home Insurance Company, hereinafter Home, and Robinson & Julienne, Inc., an insurance agency, in the Circuit Court of Hinds County for damages sustained to a boat which had been insured by Home. The trial judge peremptorily instructed the jury for Thunderbird on the question of liability and the jury returned a verdict for $33,000 against Home. Thunderbird nonsuited as to Robinson & Julienne.
Thunderbird, Inc., and Van Every Ford, Inc., are two corporations owned principally by E.L. Van Every. Van Every Ford is engaged in the automobile business and Thunderbird is qualified to write insurance, principally in connection with the sale of automobiles. Robinson & Julienne is a local insurance agency.
Thunderbird purchased a 54-foot boat, "Top Luck," which was then located in North Carolina where it was built. Home issued to Thunderbird its "Sports Fishing Vessel Hull" insurance policy on an agreed value of $100,000. The policy was written through and countersigned by Robinson & Julienne, Home's authorized agent. Dated June 15, 1973, the policy warranted navigation to "a 250-mile radius of Biloxi, Mississippi, but not to exceed 100 miles off shore." Before the boat left North Carolina, an endorsement was attached which granted permission for one trip from North Carolina to Miami, Florida, and while there "warranted navigation confined to a 250-mile radius of Miami, Florida, but not to exceed 100 miles off shore." On February 26, 1973, the "Top Luck" struck a reef near Chub Cay, Bahamas, causing extensive damage. The loss occurred when the "Top Luck" was more than 100 miles off shore of the continental United States, but within a few miles of the shore of the Bahama Islands.
This appeal presents two questions.

I.
Was the policy of insurance effectively cancelled prior to the loss?
This question has two points of inquiry.
(A) Was a return of the premium a condition precedent to effective cancellation?
Paragraph No. 6 of the "general conditions" of the insurance contract provided:
Unless otherwise provided in the form(s) attached, this policy may be cancelled at any time upon written request of the insured, the company retaining or collecting the customary short rates for the time it has been in force; or, it may be cancelled by the company by delivering or mailing to the insured at the insured's last known address five days written notice of such cancellation and, if the premium has been paid, by tendering in cash, postal money order, or check, the pro-rata unearned premium thereon. From all returned premiums the same percentage of deductions (if any) shall be made as was allowed by this Company on receipt of the original premium.
Paragraph No. 8 of the attached "Sports Fishing Vessel Hull" policy provided:
(a) This policy may be cancelled at any time at the insured's request, or by this company, by giving ten days written notice of such cancellation.
(b) In the event of any change in the ownership of the vessel or if it be chartered to others on a bare-boat basis, then unless this company agrees thereto in writing, this policy shall thereupon become cancelled upon time of such change in ownership or charter.
(c) In the event of cancellation of this policy as above, the following PERCENTAGE OF THE PREMIUM to be returned NET: For each 15 consecutive days of unexpired time of the navigation period 3.54% of the period warranted laid up ____%, and arrival.
*393 The appellant argues that a prompt return of the unearned premiums was not a condition precedent to effective cancellation.
Paragraph No. 6 (above) provides that the return of the unearned premium is a condition precedent to effective cancellation. However, the appellant urges that paragraph No. 8 (above) controls the case. Paragraph No. 8 does not contain a provision with regard to the manner in which unearned premiums will be returned. Therefore, the appellant argues that the return of the premiums was not a condition precedent.
Paragraph 6 of the general conditions of the policy states as follows: "Unless otherwise provided in the form(s) attached, this policy may be cancelled... ." The provisions of paragraph 8 differ from paragraph 6 in that paragraph 6 provides for five days' notice and paragraph 8 requires ten days' notice. The two paragraphs also differ as to the manner of computing the unearned premium. The only provision concerning the manner of returning the unearned premium is provided in paragraph 6 which requires as a condition precedent to cancellation the tendering of the unearned premium in cash, money order, or check. We are of the opinion that under the terms of the policy the return of the unearned premium in the manner provided by paragraph 6 was a condition precedent to the effective cancellation of the policy. Home apparently gave notice under Paragraph 6 because the notice given Thunderbird provided that the termination date would be five days from the date of notice rather than the ten days as provided by Paragraph 8.
The question of which paragraph controls appears to be of little consequence. Absent some provisions to the contrary (see, Employers Mutual Casualty Co. v. Nosser, 250 Miss. 542, 164 So.2d 426 [1964]) the return of unearned premiums is a condition precedent to effective cancellation. See 43 Am.Jur.2d, Insurance § 416 at 464 (1969); Annot., 127 A.L.R. 1341, 1343 (1940); Annot., 16 A.L.R.2d 1200, 1202 (1951).
(B) Did Thunderbird waive its right to a return of the unearned premium?
Since the requirement of a tender of unearned premiums is for the benefit of the insured, he may waive such requirement as a condition precedent to cancellation of the policy. Where the insured, upon receipt of a notice of cancellation, voluntarily and unconditionally surrenders the policy to be cancelled, he has been held to have waived the return of the unearned premium. Similarly, a cancellation by agreement between the parties, independently of the terms of the policy, waives such requirement. If the insured directs the agent to procure other insurance, such direction has been held to be a waiver of tender. 6A Appleman, Insurance Law and Practice § 4192 at 594-596 (1972).
The facts of the present case do not bring the case within the rule stated in Appleman. In the present case there was no surrender of the policy. The acts of the agent hereinafter related renders the stated rule inapplicable.
The unearned premium of $942 was not tendered to Thunderbird until after the loss. In March, 1973, Home credited Robinson & Julienne's account with the unearned premium. On June 1, 1973, Robinson & Julienne sent Thunderbird a check for $942, representing the unearned premium. The check was never negotiated. When Thunderbird received the cancellation notice sent by Home on December 27, 1972, which stated that the policy would terminate on January 2, 1973, Jerry Osborn, the business manager of Thunderbird, immediately talked to Richard L. Lanning, the general manager of Van Every Ford. Lanning called John W. Robinson, Jr., of Robinson & Julienne, and he was assured then that the "Top Luck" was bound and he was placing the insurance with another company. Osborn talked to Robinson & Julienne later the same day and was told not to worry, that the boat was definitely covered.
During the latter part of January an annual audit of Thunderbird was being performed, *394 and the CPA was concerned about how to handle the unearned premium on the "Top Luck." He discussed this with Osborn, who again called the Robinson & Julienne Agency, and talked with a lady in the office who told Osborn "that the boat was covered and that the policy was being rewritten with another company, and that we should receive  either should receive the money in the mail or it would be applied to the new premium ... that the boat was definitely covered and that it had been placed with another company."
We find no substantial dispute in the testimony concerning the acts and statements of the parties relating to the stated question. It is, therefore, a question for the Court rather than for the jury.
The proof shows that except for the cancellation notice Thunderbird dealt through Robinson & Julienne and not directly with Home. Aside from the agency statute, Mississippi Code Annotated section 83-17-1 (1972), Home selected Robinson & Julienne as their agent in ultimately tendering the unearned premium. Home and Thunderbird had no contract in connection with the return of the unearned premium. Home's agent gave Thunderbird officials false assurance that the vessel was covered. Thunderbird officials had a right to believe that the premium was working to purchase coverage. The false statements of Home's agent was the act of Home. A waiver may not be claimed by one whose false representation is the foundation of the waiver. Thunderbird failed to demand return of the premium because of its ignorance of the true facts as to what was being done with the unearned premium.
In Jefferson Life & Casualty Co. v. Johnson, 238 Miss. 878, 120 So.2d 160 (1960), the Court said in quoting from an earlier case: "It is one of the oldest maxims of the law that no man shall, in a court of justice, take an advantage which has his own wrong as a foundation for that advantage." 238 Miss. at 884, 120 So.2d at 163. We hold that there was no waiver of the requirement that unearned premiums be returned as a condition precedent to cancellation. See Riverside Ins. Co. v. Parker, 237 Ark. 594, 375 S.W.2d 225 (1964); Annot., 3 A.L.R.3d 1135 (1965).
(C) Did the trial judge err in construing the term "Off Shore" to mean off any shore?
Home argues that the trial judge erred in not construing the term "off shore" to mean off the shore of the continental United States. Appellant also argues that the trial judge should have at least submitted the issue to the jury for determination.
The following are principles of law quoted from 1 Couch on Insurance 2d (1959):
As a general rule, the construction and effect of a written contract of insurance is a matter of law, to be determined by the court and not by the jury, where there is no occasion to resort to extrinsic evidence for the purpose of resolving an ambiguity. § 15:3 at 638-639.
In accord with the general standard of giving effect to the purpose of the contract, the rule is that provisos, exceptions, or exemptions, and words of limitation in the nature of an exception, are strictly construed against the insurer, where they are of uncertain import or reasonably susceptible of a double construction. A risk that comes naturally within the terms of a policy is not deemed to be excluded unless the intent of the parties to exclude it appears clearly. A condition tending to defeat a policy must be expressed or so clearly implied that it cannot be misconstrued. § 15:92 at 835-838.
The record shows that the loss occurred when the "Top Luck" was within 100 miles of the shore of the Bahama Islands, and when the vessel traveled from Miami to the Bahamas it was never more than 100 miles off of some shore. The condition with reference to the limitations on the warranted navigation area does not limit navigation to 100 miles off the shore of the continental United States, as Home now argues. Because the limitations on the warranted area of navigation are words of limitation, they are strictly construed against the insurer, *395 however, we are of the opinion that in the ordinary meaning of the words "off shore," it is not to be restricted to the shore of the continental United States in the absence of a statement in the policy to that effect.
It is argued that the officials of Thunderbird construed the policy in accordance with Home's contentions with reference to the limitations on navigation, but we find no merit in this argument.
We are of the opinion that the trial judge correctly instructed the jury to find for Thunderbird on the issue of liability. Therefore, the case is affirmed.
AFFIRMED.
PATTERSON and INZER, P. JJ., and SMITH, ROBERTSON, SUGG, WALKER, BROOM and LEE, JJ., concur.