411 So.2d 87 (1982)
Sharon N. PITTMAN
v.
The HOME INDEMNITY COMPANY & Moss Point Ins. Agency.
No. 53088.
Supreme Court of Mississippi.
February 17, 1982.
Rehearing Denied April 7, 1982.
Gordon, Myers & Gordon, William H. Myers, Pascagoula, for appellant.
Bryant & Stennis, Grier J. Gregory, Gulfport, McGehee, Brown, Williams & Mestayer, Raymond L. Brown, Linda D. Baggett, Pascagoula, for appellees.
Before SMITH, P.J., and ROY NOBLE LEE and BOWLING, JJ.
ROY NOBLE LEE, Justice:
The Circuit Court of Jackson County, Honorable Clinton E. Lockard, presiding, entered judgment against Sharon N. Pittman and in favor of The Home Indemnity Company (Home) and Moss Point Insurance Agency (Moss). Pittman has appealed to this Court, assigning four errors in the trial below.
Appellant, in her declaration, charged three counts: (1) tortious breach of contract, (2) breach of fiduciary duties and (3) fraud in the inducement. Under count (3),[1] the declaration charged, in essence, that Moss was the general agent of Home; that the appellees promised to issue appellant a policy of liability insurance with comprehensive coverage on her automobile; that she paid premiums for such insurance; that appellees negligently failed to insure appellant after taking her money for said purpose; and that appellant was damaged as a result thereof.
*88 The error assigned, which disposes of the case, is whether or not the lower court erred in granting a directed verdict in favor of Home at the conclusion of the appellant's evidence, and whether or not the lower court erred in granting a directed verdict in favor of Moss at the conclusion of all the evidence.
George Edgar Pittman and Sharon Pittman were married June 1, 1971, and in May 1973, Mr. Pittman obtained a family automobile liability insurance policy from Home written by their local agent, Moss. The policy covered a 1971 Dodge automobile, owned by Mr. Pittman, which extended to appellant, since she was a named driver within the same household. On January 6, 1974, while driving Mr. Pittman's car, appellant collided with another automobile insured by Allstate Insurance Agency. That company and Home contested the fault issue and, upon submission to the arbitration board of the Mississippi Insurance Commission, fault was assessed against appellant and an additional premium for this accident was charged to the account of Mr. Pittman.
Appellant bought a Chevrolet Monte Carlo in March 1974, title was listed in her name, and the vehicle was added to Mr. Pittman's policy on March 8, 1974. The premiums were adjusted accordingly, but some months later, the Pittmans experienced marital difficulties, they separated, and Mr. Pittman moved out of the residence. Appellant continued to reside in the home and opened a separate checking account in her name in the early part of August, 1974. On August 22, 1974, Home sent a bill for the additional premium addressed to George Pittman, Route 2, Box 297, Pascagoula, Mississippi, which was the address of appellant, but it was never paid. On November 7, 1974, appellant and Mr. Pittman were divorced.
The evidence favorable to appellant, and her testimony, were to the effect that in early August of 1974 she contacted Mr. T.L. Delashment, representative of Moss, and told him that she had separated from her husband and she desired individual insurance coverage for her car. Appellant told him that she wanted the new policy to cover her husband if they resumed cohabitation, and Mr. Delashment said he would take care of it. Appellant wrote three checks on her individual checking account to Moss as follows:
1. August 7, 1974  $50;
2. September 26, 1974  $50; and
3. October 14, 1974  $14.25.
A cash receipt was introduced into evidence indicating that on the latter date she also paid $80 in cash with the $14.25 payment. Appellant claims that the above payments were to be credited to her account for the insurance coverage on her car.
Mr. Delashment denied that he spoke with appellant in August 1974, or any other time, and testified he first saw her in January of 1975. On January 9, 1975, Home forwarded a cancellation notice of Mr. Pittman's policy because the past-due additional premium had not been paid. The notice was addressed to George Pittman and mailed to appellant's residence. The notice indicated the cancellation would be effective on January 23, 1975. Appellant telephoned Moss and inquired as to the purpose of the notice. Mr. Delashment sent her a letter on January 17, 1975, explaining that the additional premium was incurred as the result of the 1974 accident in which she was involved. Appellant told him that her former husband, George Pittman, would be responsible for that additional premium. The premium was not paid and the policy was cancelled on January 23, 1975.
In April 1975, appellant, while driving her Monte Carlo automobile, collided with the rear of a vehicle driven by another individual. Appellant reported the collision to Moss and was told by Mr. Delashment that Mr. Pittman's policy had been cancelled January 23, 1975, and that she had no insurance coverage. Upon advice of counsel, appellant mailed a check backdated to February 27, 1975, to Moss for the past-due additional premium, which was returned to her. Appellant was sued as a result of the April accident and judgment was entered against her in the amount of $11,826.96, together with interest. Subsequently, appellant *89 brought this action to recover damages from the appellees.
First, we consider the question of whether the court erred in directing a verdict for Moss at the conclusion of all the evidence. In a motion for a directed verdict, and on a request for a peremptory instruction the court considers the evidence in the light most favorable to the plaintiff, disregards any evidence on the part of the defendant in conflict with that favorable to the plaintiff, and, if the evidence and reasonable inferences to be drawn therefrom would support a verdict for plaintiff, the motion for a directed verdict should be overruled and the request for a peremptory instruction should be denied. Paymaster Oil Mill Co. v. Mitchell, 319 So.2d 652 (Miss. 1975).[2]
In Simpson v. M-P Enterprises, Inc., 252 So.2d 202 (Miss. 1971), the Court said:
It seems to be a well-settled rule that if an agent or broker with a view of being compensated agrees to procure insurance for another and through fault or neglect fails to do so, he will be liable for any damage that results thereby. (252 So.2d at 207)
See also 64 A.L.R.3d 398, Liability of Insurance Broker or Agent to Insured for Failure to Procure Insurance (1975).
We are of the opinion that the testimony of the appellant, together with the exhibits introduced at trial, and other evidence favorable to the appellant, with their reasonable inferences, presented a question for the jury to decide on liability, and that the lower court erred in granting a directed verdict in favor of Moss at the conclusion of all the evidence.
The next question presented is whether or not the lower court erred in granting the motion of Home for a directed verdict at the end of the plaintiff's evidence. Section 83-17-1, Miss. Code Ann. (1972), defines "agent" as follows:
§ 83-17-1. Agent defined.
Every person who solicits insurance on behalf of any insurance company, or who takes or transmits, other than for himself, an application for insurance or a policy of insurance, or who advertises or otherwise gives notice that he will receive or transmit the same, or who shall receive or deliver a policy of insurance of any such company, or who shall examine or inspect any risk, or receive, collect, or transmit any premium of insurance, or make or forward a diagram of any building, or do or perform any other act or thing in the making or consummation of any contract of insurance for or with any such insurance company, other than for himself, or who shall examine into or adjust or aid in adjusting any loss for or on behalf of any such insurance company, whether any of such acts shall be done at the instance or request or by the employment of the insurance company, or of or by any broker or other person, shall be held to be the agent of the company for which the act is done or the risk is taken as to all the duties and liabilities imposed by law, whatever conditions or stipulations may be contained in the policy or contract... .
Moss remitted to Home money collected from appellant as premiums, although it credited the premiums to the account of George E. Pittman, her former husband. In Home Insurance Co. of New York v. Thornhill, 165 Miss. 787, 144 So. 861 (1932), the Court said:
Under the general law of agency, knowledge acquired by an agent when transacting his principal's business will be imputed to his principal although not communicated to him, in the absence of a limitation on the agent's authority to the contrary, known to the person with whom the agent deals. (165 Miss. at 796, 144 So. at 863).
*90 We are of the opinion that Delashment (Moss) was the general agent of Home, or at least agency was a question for the jury, and that, as agent, he bound Home, his principal. Therefore, the lower court erred in sustaining Home's motion for a directed verdict at the conclusion of the appellant's evidence.[3]
The judgment of the lower court is reversed and the case is remanded for a new trial against both appellees.
REVERSED AND REMANDED.
SMITH and SUGG, P. JJ., and WALKER, BROOM, BOWLING, HAWKINS and DAN M. LEE, JJ., concur.
PATTERSON, C.J., took no part.
NOTES
[1] The other counts are not supported by the evidence.
[2] Moss suggests that this rule applies to a motion for directed verdict at the conclusion of the plaintiff's evidence but not on motion for a directed verdict at the conclusion of all the evidence and on request for a peremptory instruction. However, the rule is the same, with the additional provision that the court will consider evidence introduced by the defendant which is not in conflict with that of the plaintiff.
[3] This Court has often said that in cases involving close questions of law and fact, the trial court should submit those issues to the jury and then consider whether judgment notwithstanding the verdict should be granted, thereby resulting in a final decision here. See Claiborne v. Greer, 354 So.2d 1109 (Miss. 1978); Jordan v. First National Bank of Jackson, 402 So.2d 845 (Miss. 1981).