DAN M. LEE, Justice,
for the Court:
Catherine Marsh brought suit against Home Insurance Company in the Circuit Court of the First Judicial District of Hinds County, Mississippi, seeking to recover benefits under a policy issued to the International Pizza Hut Franchise Holders Association. At the close of Marsh’s case, Home Insurance Company moved for a directed verdict in its favor. The trial court granted that motion. Marsh appeals and asserts that such was error.
The rule which governs directed verdicts in cases tried before a jury is well established. In the recent case of Pittman v. Home Indemnity Co., 411 So.2d 87 (Miss.1982), we stated:
In a motion for a directed verdict, and on a request for peremptory instruction the court considers evidence in the light most favorable to the plaintiff, disregards any evidence on the part of the defendant in conflict with that favorable to the plaintiff, and, if the evidence and reasonable inferences to be drawn therefrom would support a verdict for plaintiff, the motion for a directed verdict should be overruled and the request for a peremptory instruction should be denied.
Id. at 89. See also, White v. Hancock Bank, 477 So.2d 265, 268-269 (Miss.1985); City of Jackson v. Locklar, 431 So.2d 475, 478 (Miss.1983); Paymaster Oil Mill Co. v. Mitchell, 319 So.2d 652, 657 (Miss.1975). The rationale for this rule was well put in the case of Mobile and O.R. Co. v. Cox, 153 Miss. 597, 121 So. 292 (1929):
Fact-finding, which includes all material inferences and deductions which may be reasonably and logically drawn from the relevant direct facts, is a province which belongs to the jury, to be exercised by them according to the everyday experience and common observation of the twelve ... constituting the jury — not by any one ... judge or juror.
Id. at 598-599, 121 So. at 292.
In the instant case, Mrs. Marsh was able to establish the following facts.
Thomas Marsh, the husband of Catherine Marsh, was employed by Southeastern Pizza Huts, Inc. as manager of the Pizza Hut located near 1-220 and Clinton Boulevard. Home Insurance Company issued a policy on employees of the Pizza Hut Corporation which included an endorsement stating, in toto:
The hazards against which insurance is provided a Covered Person, under this Policy, are: injuries sustained by such person as the result of a criminal act of violence during the course of: (1) robbery or an attempted robbery of a member franchise store; or (2) robbery, theft, hijacking, holdup, larceny, sniping, murder or civil disturbance while traveling on the business of the member franchise store or Policyholder.
On Wednesday, October 13,1982, Catherine Marsh underwent surgery in a Jackson hospital. Thomas Marsh stayed with his wife both on Wednesday and Thursday nights following her surgery. At noon on *1039 Friday, October 15, 1982, while Thomas Marsh was preparing to depart his wife’s hospital room, she requested that he bring her certain items, including a “home cooked” hamburger, when he returned. As Marsh left, he told his wife he would see her later.
Thomas Marsh went to work at the Pizza Hut that evening. He went over reports for the previous week and prepared a bank deposit which, pursuant to company policy was to be made by 9:00 o’clock p.m. Marsh told an assistant he (Marsh) would make the deposit of the Pizza HuFs money. Marsh was also required to keep sufficient petty cash out of the restaurant’s Friday proceeds for use over the weekend.
The body of Thomas Marsh was found at his home on Saturday, October 16, 1982. He had been killed by a shotgun blast directed through a glass portion of his kitchen door.
A briefcase in which Marsh carried employer reports and other Pizza Hut property was not found by investigating officers despite a thorough search of the Marsh residence and automobile. The October 15, 9:00 o’clock deposit was neither made nor accounted for.
A list was found on a kitchen counter near Marsh’s body. That list was prepared by the deceased and reflected the items to be delivered to his wife in the hospital.
At trial, a map of the Jackson-Clinton area was used as an exhibit. It was shown that a night depository of the bank used by Marsh’s employer, Pizza Hut, was located between the deceased’s home and the hospital where Catherine Marsh was then a patient.
It is our opinion that the facts presented and all reasonable inferences drawn therefrom presented a question of fact which should have been resolved by the jury. Either of the two provisions of the felonious assault policy could apply to the situation under consideration. Reasonable jurors might have found that Marsh was killed “during the course of [the] robbery ... of a member franchise store.” Merely because the robbery did not occur at the store, it does not necessarily follow that such was not done in the course of a robbery of the store. In the alternative, a reasonable jury might have concluded that Thomas Marsh left his place of employment, visited his home for the purpose of obtaining articles to take to his wife — all the while intending to make the daily receipts deposit on his way to the hospital. The jury might well have found that Marsh was killed “during the course of [a] robbery ... while traveling on the business of the member franchise store.”
It may be that a claim under either of the relevant provisions of the insurance policy would be subject to a defense based on Thomas Marsh’s deviation from the business of his employer. However, such would be an affirmative defense and subject to proof by Home Insurance at a later stage of the trial — not one to be resolved by the trial judge at the completion of plaintiff’s case.
We hold that the trial judge erred by directing a verdict for the Home Insurance Company. This case is therefore reversed and remanded for a new trial consistent with this opinion.
REVERSED AND REMANDED.
HAWKINS, SULLIVAN and ANDERSON, JJ., concur.
HAWKINS, ROBERTSON and ANDERSON, JJ., specially concur.
WALKER and ROY NOBLE LEE, P.JJ., and PRATHER, J., dissent.
PATTERSON, C.J., not participating.